# Richmond

## MOFFETT DOTSON WILBORNE v. COMMONWEALTH OF VIRGINIA.

December 6, 1943.

Record No. 2749.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Percy S. Smith*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *M. Ray Doubles, Assistant Attorney General*, for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

The plaintiff in error has been pronounced guilty of housebreaking and sentenced to ten years in the penitentiary pursuant to the verdict of a jury. He here seeks a reversal of the judgment on the ground that the evidence is insufficient to sustain the verdict.

The accused offered no evidence and the case is before us on that produced by the Commonwealth. It shows that between the hours of six o'clock p. m. on January 20, 1942, and the next morning, the building occupied by the Standard Oil Bulk Plant, at Farmville, in Prince Edward county, Virginia, was burglarized. Entry was made by cutting the shackle of the padlock on a door. A piece of the severed shackle was found at the scene. Fifty tires, including several Atlas white sidewall tires, thirty-eight inner tubes, and several cases of oil, all of the aggregate value of approximately $900, were stolen.

On April 16, 1942, the accused was arrested in Louisburg, North Carolina, approximately 150 miles from the scene of the crime. He was driving an automobile which he told the arresting officer was owned by his son. A search of the car revealed three pistols, a blackjack, three pairs of gloves, a pair of large pliers, two screw drivers, a wrecking bar, two flashlights, and a boltcutter. The boltcutter was concealed under a mat in the car. Ownership of all of these articles was claimed by the accused who represented himself to the arresting officer as a mechanic from Richmond, Virginia. One of the tires on the automobile was an Atlas white sidewall tire from which the serial number had been obliterated.

A laboratory technician from the Federal Bureau of Investigation at Washington, D. C., testified that a microscopic examination showed that the identical boltcutter, found in the possession of the accused, Wilborne, at the time of his arrest, had been used to cut the shackle which was left at the scene of the crime.

Accompanying the accused was one Mark H. Boyd, who was likewise arrested. Boyd, however, claimed none of the property in the car.

Indictments for housebreaking were obtained against both Wilborne and Boyd. They were tried jointly by a jury and at the conclusion of the Commonwealth's evidence both defendants moved to strike it. Boyd's motion to strike was sustained and a verdict of not guilty necessarily followed as to him. Wilborne's motion to strike was overruled and the

jury found him guilty, fixing his punishment at ten years in the penitentiary.

Counsel for the accused argues that the evidence adduced by the Commonwealth is insufficient to sustain the verdict, because, he says, there is no direct evidence that the accused was at or near the scene of the crime on the night it was perpetrated; that his possession of the boltcutter, by means of which entry into the building was effected, approximately three months after the crime was committed, under the circumstances stated, raised no presumption that the accused was the perpetrator, and cast upon him no necessity to explain his possession of that tool and the other articles found with him in the car.

While, of course, one cannot break into a building without being physically at the scene, his guilt may be established by circumstantial evidence. The direct testimony on the part of some one who saw him at or near the scene of the crime, in the commission of the act, is not necessary and, indeed, is unusual in cases of this character.

Ultimately, then, the question we have to decide is this: Was the unexplained possession by the accused, under the circumstances stated, of the identical instrument which was used in breaking into the building sufficient to warrant the jury in finding that he was guilty of housebreaking? In our opinion it was.

In *Drinkard* v. *Commonwealth*, 163 Va. 1074, 1083, 178 S. E. 25, 28, we held that proof of the *corpus delicti*, coupled with proof that certain of the goods which had been stolen at the time of the housebreaking were in the exclusive and unexplained possession of the accused, shortly after the commission of the crime, warranted an inference, beyond a reasonable doubt, that the possessor was guilty of the breaking and entering with intent to commit larceny. The Commonwealth contends that the same principle applies here.

In 12 C. J. S., Burglary, sec. 51, pp. 724-5, it is said: "After preliminary proof of a burglary, it is competent for the state to prove that defendant was found in the possession of burglarious tools or implements shortly after the

alleged burglary, and to introduce the tools or implements in evidence, such as explosives, 'jimmies,' bits, chloroform, and flash lights. Such evidence, it is said, is just as competent as evidence of the possession of stolen property; but, 'like the possession of stolen goods, the possession must be recent, or soon after the commission of the offense,' * * * ." See also, 9 Am. Jur., Burglary, sec. 66, p. 273; 1 Wigmore on Evidence, 3d Ed., sec. 153, p. 600; *People* v. *Courtney*, 178 Mich. 137, 144 N. W. 568, 573-4.

In *People* v. *Parkinson*, 138 Cal. App. 599, 33 P. (2d) 18, 22, it is said: "While the evidence of the possession of stolen goods, and we may add, of burglarious tools, shortly after the commission of an offense may not, standing alone, be sufficient to sustain a verdict, it requires only slight additional testimony" to warrant a finding of guilt. See also, 12 C. J. S., Burglary, sec. 62, p. 741.

In *People* v. *Parkinson, supra*, it was held that the possession by the accused of a chisel, by means of which a safe had been burglarized, coupled with his false explanation of how he had come into possession of this and other articles found in his car, was sufficient to support a conviction of burglary.

In *Smith* v. *State*, 85 Tex. Cr. 355, 212 S. W. 660, it was held that possession by the accused of an overcoat, similar to one taken from the burglarized store, coupled with his possession of tools and keys with which entrance into the store could be effected, in the absence of explanation, was sufficient to sustain a verdict that the accused was guilty of burglary.

In the case before us not only was the accused in possession of the identical tool which had been used in breaking into the building, but he was also in possession of firearms, flashlights, gloves, and other articles commonly employed by burglars. Moreover, he had in his possession and under his control the car which carried a tire similar in make, design and type to one which had been stolen at the time of the burglary. From this tire the serial number, the only means of exact identification, had been obliterated—a device com-

monly used by malefactors to obscure the source of their acquisition of stolen property.

The possession by the accused of these articles cast upon him the duty of bringing forward evidence to explain in what manner he acquired them, and the absence of such evidence justified the inference that he was the perpetrator of the crime. That he had ample time to have adduced such testimony is apparent from the fact that he was indicted in June, 1942, and was not tried until the following January.

The only explanation of how the accused came into the possession of these articles was his equivocal statement to the arresting officer. He stated that the car which carried the suspicious looking tire was owned by his son, which, if true, could easily have been proven by the son or some other witness. Yet this was not done. His statement that the bolt-cutter and other tools in the car were owned by him (the accused) as a mechanic, was likewise not substantiated. Moreover, the jury, of course, knew that it was not customary for a mechanic to carry, as a part of his equipment, three pistols, a blackjack, flashlights, and other articles adapted to burglary.

It is true that in a case of this character, like stolen property, the possession of burglarious tools must be "recent" after the burglary in order to afford a just basis for an inference of guilt on the part of the possessor. But, as is said in *People* v. *Malin*, 372 Ill. 422, 24 N. E. (2d) 349, 352: "Recency of possession is ordinarily a question of fact for the jury, or for the trial court when a jury has been waived, although in extreme cases it may become a matter of law. In determining this question, time is an important element to be considered, but is not the only one. The circumstances and character of the goods, their salability, whether they are cumbersome or easily portable are also among the factors to be considered. No definite time can be fixed as to when, as a matter of law, possession is or is not recent." See also, *Myers* v. *Commonwealth*, 132 Va. 746, 761, 111 S. E. 463; 32 Am. Jur., Larceny, sec. 142, pp. 1054, 1055; 36 C. J., Larceny, sec. 428(2), p. 870.

In *People* v. *Malin, supra,* it was held (24 N. E. (2d) at page 352) that possession of a radio six weeks after its theft was not too remote to warrant a conviction, in the absence of any evidence or circumstances tending to overcome the presumption of guilt which arises from such possession.

Similarly the following intervening periods were held not to be too remote: Two months (*Commonwealth* v. *Coyne,* 228 Mass. 269, 117 N. E. 337, 3 A. L. R. 1209); three months (*Commonwealth* v: *Montgomery,* 52 Mass. (11 Metc.) 534, 45 Am. Dec. 227; six months (*Mitchell* v. *State,* 117 Tex. Cr. 78, 38 S. W. (2d) 331); seven months (*State* v. *Kinghorne,* 109 Mont. 22, 93 P. (2d) 964); nine months (*Commonwealth* v. *Parmenter,* 101 Mass. 211, 28 L. R. A. 128).

So here, we cannot say that the accused's possession of the burglarious tool, three months after the commission of the crime, under the circumstances related, was too remote, as a matter of law, for the application of the stated principle.

On the whole we are of opinion that the evidence sustains the verdict, and the judgment is

*Affirmed.*