## Richmond

## ROBERT MONTGOMERY, III

### v.

## COMMONWEALTH OF VIRGINIA

August 28, 1980.

Record No. 791234.

Present: Carrico, Harrison, Cochran, Poff, Compton and
Thompson, JJ., and Harman, S.J.

*E. L. Stephenson* (*Saunders, Carleton, Morrison, Stephenson & Spratley,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Robert Montgomery, III (defendant), was convicted in a non-jury trial of grand larceny. By judgment entered May 23, 1979, the circuit court imposed a suspended sentence of 12 months in jail. We granted a writ to determine whether the evidence linking defendant to the crime is sufficient to support his conviction. Finding the evidence sufficient to convince a reasonable trier of fact beyond a reasonable doubt that defendant committed the larceny, we affirm.

The essential facts are undisputed.

One day in mid-September 1978, Mrs. Virginia Fedonchuk noticed an antique rocking chair in the window of a pawn shop in Newport News. Because the chair resembled one she owned, Mrs. Fedonchuk asked the shop's proprietor, Mr. Melvin Epstein, where he had obtained the chair. He informed her that he had purchased it, along with two antique ornamental horses mounted by knights, from a young man. Mrs. Fedonchuk also owned two ornamental horses meeting that description. Suspecting burglary, she went to her home in Isle of Wight County. She and her husband inspected a shed where the chair and horses and other antiques had been stored. Everything of apparent value was missing. Mrs. Fedonchuk had noticed the horses in the shed in late July. Mr. Fedonchuk recalled seeing the horses in mid-August. Neither could remember when the rocking chair had been observed last.

Epstein's records disclosed that he had purchased the items on September 12 and that the seller had given him defendant's name and address. Contacted by law enforcement officers, defendant admitted making the sale. But he explained that he and a friend, Gary Williams, a tenant of the Fedonchuks, had found the goods on September 9 at a trash dump less than a mile from Williams' residence. Testifying at trial, defendant repeated this explanation. His story was corroborated by Williams.

The trial judge, inferring that defendant had taken the rocking chair and ornamental horses because defendant possessed the goods on September 12, overruled defendant's motion to strike the evidence of grand larceny and found defendant guilty.

■ Acknowledging the well-settled principle that the unexplained possession of recently stolen goods raises an inference that the possessor is the thief, defendant contends that the goods he possessed were not "recently" stolen and that, in any event, his possession was reasonably explained. This being so, he concludes, the inference may not be drawn. We disagree; the premises underlying defendant's conclusion are invalid.

Defendant definitely possessed the stolen articles on September 12. Mr. Fedonchuk had seen the horses in the storage shed in mid-August. A trier of fact reasonably could conclude that the rocking chair had been taken with the horses not more than four weeks before defendant sold the goods to Epstein. Four weeks is not, as a matter of law, so long a time that goods may not be considered recently stolen. *Sullivan* v. *Commonwealth*, 210 Va. 201, 169 S.E.2d 577 (1969), *cert. denied*, 397 U.S. 998 (1970) (two and one-half months); *Wilborne* v. *Commonwealth*, 182 Va. 63, 28 S.E.2d 1 (1943) (three months).

■ Defendant's explanation of how he obtained possession would, if given credence, defeat the inference that he was the thief. However, even if defendant's story was not *inherently* incredible, the trier of fact need not have believed the explanation. *See, e.g., Westcott* v. *Commonwealth*, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975). The trial judge obviously did not believe the story told by defendant and Williams. Absent a credible, exculpatory explanation for defendant's possession of the stolen goods, the judge permissibly inferred that defendant had committed the larceny.

*Affirmed.*