COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


WELDON BUNN, a/k/a
 WENDALL BUNN, s/k/a
 WELDON L. BUNN                              OPINION BY
                                      JUDGE SAM W. COLEMAN III
v.         Record No. 2152-94-2          FEBRUARY 6, 1996

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      James E. Kulp, Judge

         Sterling H. Moore (Canfield, Moore, Shapiro,
         Sease & Baer, on brief), for appellant.

         Robert H. Anderson, III, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     Weldon Bunn was convicted by a jury of grand larceny and

sentenced to the maximum punishment of twenty years in the

penitentiary.  He contends that the trial court erred in its

application of the bifurcated sentencing statute,

Code § 19.2-295.1, by admitting evidence of three prior

convictions for offenses that were committed after the charged

offense.  Bunn asserts that penal statutes must be narrowly

construed and that the trial court's construction of the statute

violates the constitutional prohibition against ex post facto

laws.  Bunn also contends that the trial court erred in refusing

to instruct the jury on the lesser offense of petit larceny and

that the evidence is insufficient to support the grand larceny

conviction.  We find no error and affirm the defendant's

conviction.

I.

Code § 19.2-295.1, which became effective July 1, 1994, provides that after a guilty verdict in a jury trial, "a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury."  "At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions. . . ."  Code § 19.2-295.1 (emphasis added).

The defendant asserts that because penal statutes are to be construed narrowly against the Commonwealth, Frere v. Commonwealth, 19 Va. App. 460, 464, 452 S.E.2d 682, 685 (1995), the trial court and this Court should construe the phrase, "prior criminal convictions," to mean convictions obtained prior to the date the charged offense was committed.  He argues that to construe and apply the statute otherwise would, in effect, give ex post facto application to the statute by allowing his sentence to be based on convictions that could not have been considered for purposes of punishment at the time the charged crime was committed.

We will not construe a penal statute in a manner that requires us to disregard the clear and obvious meaning of the statute.  Huddleston v. United States, 415 U.S. 814, 831 (1974).  "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction."  Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).  The obvious purpose of Code § 19.2-295.1

-2-

is to allow the jury, which will be recommending sentence, to consider the defendant's most current record of criminal convictions.  Nothing in the language or logic of the statute suggests that the legislature intended to limit the jury's consideration to anything other than the defendant's complete criminal record.  The clear and obvious reading of the statute is that "prior convictions" refers to convictions obtained prior "to the [bifurcated sentencing] proceeding."  See Watkins v. Commonwealth, 229 Va. 469, 331 S.E.2d 422 (1985), cert. denied, 475 U.S. 1099 (1986) (upholding application of bifurcated sentencing statute in death penalty case in which evidence of other crimes committed eight days after charged offense was admitted).

Furthermore, we reject the defendant's contention that this construction of the statute violates constitutional protections against ex post facto laws.  The enactment of Code § 19.2-295.1 and its application in this case do not violate ex post facto protections if the statute

> does not punish as a crime an act previously
> committed, which was innocent when done; nor
> make more burdensome the punishment for a
> crime, after its commission; nor deprive one
> charged with [a] crime of any defense
> available according to law at the time when
> the act was committed.

Collins v. Youngblood, 497 U.S. 37, 52 (1990).  Code § 19.2-295.1 as applied in this case does none of these, and, therefore, it is not an ex post facto law.

II.

The defendant contends that the trial court erred by refusing to give a jury instruction on the lesser included offense of petit larceny. "If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error." Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993) (quoting Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992)). We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a "scintilla of evidence" in the record. Id. In considering whether the evidence requires giving the lesser included instruction, the evidence relevant to the refused instruction must be viewed in the light most favorable to the defendant. Martin v. Commonwealth, 13 Va. App. 524, 526, 414 S.E.2d 401, 401 (1992) (en banc).

The facts pertinent to this issue, and the sufficiency of the evidence issue in Part III, are that sixteen days after someone stole items from David Harlan's locked car, the police searched Wheldon Bunn incidental to his arrest on unrelated charges and found Harlan's Nationsbank Visa credit card, which had been stolen from the car, "in his [Bunn's] left inside pocket." Bunn lived three-tenths of a mile from where the larceny occurred.

-4-

Eric Townes, who was arrested along with Bunn, was wearing at the time David Harlan's leather jacket, which had also been stolen from Harlan's car. The credit card and jacket were the only two stolen items accounted for from among the twenty-five compact discs, an AT&T phone card, a calculator, a book bag, and an amplifier that were also stolen.

David Harlan testified that the total value of the stolen items was about $500. The evidence showed that after the theft and after Bunn's arrest, someone had used the stolen AT&T phone card to make calls from northern Virginia and from various places in the United States and Japan.

Code § 18.2-192 provides that credit card theft is grand larceny. Bunn contends, nevertheless, that although possession of recently stolen property warrants the presumption that the person in possession is the thief, the fact finder could have found that he did not steal the credit card, but may have stolen some of the other items that were valued at less than $200. Thus, Bunn argues the fact finder could have found that he did not steal the credit card, but stole items valued at less than $200.

The argument is not supported by the evidence. Although the fact finder could infer from Bunn's possession of the recently stolen credit card that he stole all the property from Harlan's car, at a minimum, the evidence supported the inference that Bunn stole the Visa credit card. No evidence suggests that Bunn

selectively stole only some of the items from Harlan's car that were valued at less than $200. Accordingly, the trial court did not err by refusing to give the jury an instruction on petit larceny.

### III.

"Once the crime [of larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). Bunn contends that the "recently stolen" inference should not apply on these facts because the nature and size of a credit card make it easily lost and found and, thus, provide a reasonable explanation or hypothesis for possession by someone other than the owner. He argues that the inference should not apply on these facts and, therefore, the evidence is insufficient to support the grand larceny conviction.

We reject Bunn's argument. Whether the recently stolen inference is permissible does not depend on the physical characteristics of the stolen item, but upon whether the possession was knowing and recent. See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (holding that the recently stolen inference applied when the evidence showed that the defendant possessed the goods approximately four weeks after they were stolen). Furthermore, the fact that the stolen AT&T phone credit card was apparently

–6–

being used by someone other than Bunn and the fact that Eric Townes, who was with Bunn when arrested, also possessed recently stolen property do not prevent the fact finder from drawing the permissible inference that Bunn stole Harlan's Visa credit card and was involved in stealing the other items from Harlan's car. See Fout v. Commonwealth, 199 Va. 184, 185-86, 190-91, 98 S.E.2d 817, 819, 821-22 (1957) (upholding the application of the recently stolen inference to both defendants even though only one of the defendants had actual possession of the stolen guns); Hope v. Commonwealth 10 Va. App. 381, 383-85, 392 S.E.2d 830, 832-33 (1990) (en banc) (holding that the inference of larceny from recent possession applies even though under the facts, two people possessed the stolen items).

In determining whether the evidence is sufficient to prove Bunn's guilt beyond a reasonable doubt, we consider the evidence and any reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Id. The evidence proved that Bunn possessed Harlan's Visa credit card sixteen days after it was stolen from Harlan's locked car. Bunn lived three-tenths of a mile from where the larceny occurred. Because the jury could infer from Bunn's unexplained possession of the recently stolen credit card that he stole it, the jury's

-7-

verdict was not "plainly wrong or without evidence to support it."

We find no error and affirm the defendant's conviction.

<u>Affirmed.</u>

BENTON, J., dissenting.


Bunn raises two distinct sufficiency issues. He argues that the evidence failed to prove that the property he possessed was recently stolen and, thus, contends the evidence provides no basis upon which an inference could be drawn that he was the thief. He also argues that the evidence as a whole failed to prove beyond a reasonable doubt that he was the thief.

Bunn cites no case law in support of his argument that the trial judge erred in refusing to strike the evidence as to the larceny charge because the property was not "recently stolen." The narrative argument raises the question "what is 'recently stolen'" and whether the inference of theft from Bunn's possession of the stolen property was "applicable to this situation." Distilled to its core, the issue raised and posed to the trial judge was whether "as a matter of law, passage of more than two weeks has taken us beyond the realm of recently stolen."

I agree with the majority that the Supreme Court has held that "[f]our weeks is not, as a matter of law, so long a time that goods may not be considered recently stolen." Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). That holding was based, however, upon the case of Wilborne v. Commonwealth, 182 Va. 63, 28 S.E.2d 1 (1943), where the accused, charged with the offense of "house breaking," id. at 64, 28 S.E.2d at 1, was:

> in possession of the identical tool which had been used in breaking into the building, . . . was also in possession of firearms, flashlights, gloves, and other articles

> commonly employed by burglars [, and] . . . had in his possession . . . a tire similar in make, design and type to one which had been stolen [and from which] . . . the serial number, the only means of exact identification, had been obliterated – a device commonly used by malefactors to obscure the source of their acquisition of stolen property.

Id. at 67–68, 269 S.E.2d at 3.  The Supreme Court concluded that "the accused's possession of the burglarious tool, three months after the commission of the crime, under the circumstances related, was [not] too remote, as a matter of law, for the application of the stated principle."  Id. at 69, 269 S.E.2d at 4 (emphasis added).  In other words, the Court held that in establishing recent possession, the passage of a significant amount of time can be ameliorated by other circumstances that tend to prove the accused engaged in the charged conduct.

The evidence proved that Bunn possessed a credit card issued to a person he did not know.  No explanation for his possession was given.  Without any explanation, the jury could have inferred that Bunn must have known or been aware of the high probability that the credit card he possessed had been either lost by its holder or stolen.  However, Bunn was not indicted or tried for "receiv[ing] . . . or . . . concealing any stolen goods or other thing, knowing the same to have been stolen."  See Code § 18.2-108.  The prosecution was premised upon the hypothesis that Bunn stole the credit card.

Although Bunn raised the matter of the inference arising from "unexplained" possession and alluded in his narrative to a

-10-

constitutional issue regarding his "right to remain silent at trial," he did not specify the authority upon which he relied. Moreover, Bunn did not specifically challenge the constitutionality of the inference. See Barnes v. United States, 412 U.S. 837, 846 n.11 (1973). We must assume for purposes of this appeal that no constitutional defect exists. See Benderson Development Co. v. Sciortino, 236 Va. 136, 148, 372 S.E.2d 751, 757 (1988).

The sufficiency of the evidence remains, however, an issue to be decided because "determining that a permissive inference instruction is valid does not settle whether the verdict is supported by sufficient evidence." Cosby v. Jones, 682 F.2d 1373, 1377 (11th Cir. 1982). An inference is a permissible conclusion that may be drawn from a proven fact or set of facts. The inference of larceny that the jury was instructed that it could draw is not a presumed, conclusive test of guilt. See Sandstrom v. Montana, 442 U.S. 510 (1979). It is only one circumstance from which the jury may infer that the person in possession of stolen goods was the thief. "[T]he inference of participation in the crime drawn from possession of fruits of the crime is to be judged like any other inference, that is, on the strength of that inference in the light of the facts of each particular case." Cosby, 682 F.2d at 1380.

The conviction rested solely upon the inference that Bunn was the thief which was drawn from proof that Bunn possessed the stolen property. Absent other evidence, that inference does not

follow beyond a reasonable doubt from the proven fact.  See In re Winship, 397 U.S. 358, 361-64 (1970).

Nothing in the evidence concerning the circumstances of the theft or Bunn's possession of the credit card added any probative force to the Commonwealth's hypothesis that Bunn was present when the card was stolen or that he was the thief.  Of the more than thirty-one items taken from the victim's automobile, Bunn possessed only the credit card.  In contrast to Bunn's mere possession of the card, the evidence proved that another credit card taken from the victim's automobile was used in a city one hundred miles distant from Bunn's residence and continued to be used after Bunn's arrest.  In addition, the evidence proved that another person possessed a coat that was taken from the victim's automobile.  Those facts tend to weaken the inference that Bunn was the thief.

Although as a matter of law, the fact that the items had been removed from the automobile sixteen days earlier does not negate application of the "recent" possession inference, remoteness in time certainly reflects upon the strength of the inference.  See United States v. Jones, 418 F.2d 818, 821 (8th Cir. 1969).  The likelihood that stolen items will be discarded or found in the possession of persons who were not the thief greatly increases with the passage of time.  Thus, even the "[e]arly English cases . . . [where] [t]he rule was well stated [recognize that] . . . '[t]he strength of the presumption, which arises from such possession, is in proportion to the shortness of

-12-

the interval which has elapsed.'" Id. (quoting Reg v. Exall, 4 F. & F. 922, 926-27 (1866)). When the passage of two weeks is considered together with proof that Bunn had not used the card in his possession and had done no other act consistent with thievery, the inference is greatly weakened.

The evidence in this case that the Commonwealth points to as implicating Bunn as the thief arises solely from the permissive inference. I would hold that, under the circumstances, the evidence was insufficient to support the conviction. "Jackson [v. Virginia, 443 U.S. 307 (1979)] requires that a reasonable juror be able to find the defendant guilty beyond a reasonable doubt, and if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt." Cosby, 682 F.2d at 1383.

For these reasons, I would reverse the conviction. Therefore, I dissent.