*602 BENTON, Judge,
dissenting.
Bunn raises two distinct sufficiency issues. He argues that the evidence failed to prove that the property he possessed was recently stolen and, thus, contends the evidence provides no basis upon which an inference could be drawn that he was the thief. He also argues that the evidence as a whole failed to prove beyond a reasonable doubt that he was the thief.
Bunn cites no case law in support of his argument that the trial judge erred in refusing to strike the evidence as to the larceny charge because the property was not “recently stolen.” The narrative argument raises the question “what is ‘recently stolen’ ” and whether the inference of theft from Bunn’s possession of the stolen property was “applicable to this situation.” Distilled to its core, the issue raised and posed to the trial judge was whether “as a matter of law, passage of more than two weeks has taken us beyond the realm of recently stolen.”
I agree with the majority that the Supreme Court has held that “[flour weeks is not, as a matter of law, so long a time that goods may not be considered recently stolen.” Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). That holding was based, however, upon the case of Wilborne v. Commonwealth, 182 Va. 63, 28 S.E.2d 1 (1943), where the accused, charged with the offense of “house breaking,” id. at 64, 28 S.E.2d at 1, was:
in possession of the identical tool which had been used in breaking into the building, ... was also in possession of firearms, flashlights, gloves, and other articles commonly employed by burglars [, and] ... had in his possession ... a tire similar in make, design and type to one which had been stolen [and from which] ... the serial number, the only means of exact identification, had been obliterated—a device commonly used by malefactors to obscure the source of their acquisition of stolen property.
Id. at 67-68, 28 S.E.2d at 3. The Supreme Court concluded that “the accused’s possession of the burglarious tool, three months after the commission of the crime, under the circum *603 stances related, was [not] too remote, as a matter of law, for the application of the stated principle.” Id. at 69, 28 S.E.2d at 4 (emphasis added). In other words, the Court held that in establishing recent possession, the passage of a significant amount of time can be ameliorated by other circumstances that tend to prove the accused engaged in the charged conduct.
The evidence proved that Bunn possessed a credit card issued to a person he did not know. No explanation for his possession was given. Without any explanation, the jury could have inferred that Bunn must have known or been aware of the high probability that the credit card he possessed had been either lost by its holder or stolen. However, Bunn was not indicted or tried for “receiving] ... or ... concealing any stolen goods or other thing, knowing the same to have been stolen.” See Code § 18.2-108. The prosecution was premised upon the hypothesis that Bunn stole the credit card.
Although Bunn raised the matter of the inference arising from “unexplained” possession and alluded in his narrative to a constitutional issue regarding his “right to remain silent at trial,” he did not specify the authority upon which he relied. Moreover, Bunn did not specifically challenge the constitutionality of the inference. See Barnes v. United States, 412 U.S. 837, 846 n. 11, 93 S.Ct. 2357, 2363 n. 11, 37 L.Ed.2d 380 (1973). We must assume for purposes of this appeal that no constitutional defect exists. See Benderson Development Co. v. Sciortino, 236 Va. 136, 148, 372 S.E.2d 751, 757 (1988).
The sufficiency of the evidence remains, however, an issue to be decided because “determining that a permissive inference instruction is valid does not settle whether the verdict is supported by sufficient evidence.” Cosby v. Jones, 682 F.2d 1373, 1377 (11th Cir.1982). An inference is a permissible conclusion that may be drawn from a proven fact or set of facts. The inference of larceny that the jury was instructed that it could draw is not a presumed, conclusive test of guilt. See Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). It is only one circumstance from which the *604 jury may infer that the person in possession of stolen goods was the thief. “[T]he inference of participation in the crime drawn from possession of fruits of the crime is to be judged like any other inference, that is, on the strength of that inference in the light of the facts of each particular case.” Cosby, 682 F.2d at 1380.
The conviction rested solely upon the inference that Bunn was the thief which was drawn from proof that Bunn possessed the stolen property. Absent other evidence, that inference does not follow beyond a reasonable doubt from the proven fact. See In re Winship, 397 U.S. 358, 361-64, 90 S.Ct. 1068, 1070-73, 25 L.Ed.2d 368 (1970).
Nothing in the evidence concerning the circumstances of the theft or Bunn’s possession of the credit card added any probative force to the Commonwealth’s hypothesis that Bunn was present when the card was stolen or that he was the thief. Of the more than thirty-one items taken from the victim’s automobile, Bunn possessed only the credit card. In contrast to Bunn’s mere possession of the card, the evidence proved that another credit card taken from the victim’s automobile was used in a city one hundred miles distant from Bunn’s residence and continued to be used after Bunn’s arrest. In addition, the evidence proved that another person possessed a coat that was taken from the victim’s automobile. Those facts tend to weaken the inference that Bunn was the thief.
Although as a matter of law, the fact that the items had been removed from the automobile sixteen days earlier does not negate application of the “recent” possession inference, remoteness in time certainly reflects upon the strength of the inference. See United States v. Jones, 418 F.2d 818, 821 (8th Cir.1969). The likelihood that stolen items will be discarded or found in the possession of persons who were not the thief greatly increases with the passage of time. Thus, even the “[e]arly English cases ... [where] [t]he rule was well stated [recognize that] ... ‘[t]he strength of the presumption, which arises from such possession, is in proportion to the shortness of the interval which has elapsed.’ ” Id. (quoting Reg v. Exall, *605 4 F. & F. 922, 926-27 (1866)). When the passage of two weeks is considered together with proof that Bunn had not used the card in his possession and had done no other act consistent with thievery, the inference is greatly weakened.
The evidence in this case that the Commonwealth points to as implicating Bunn as the thief arises solely from the permissive inference. I would hold that, under the circumstances, the evidence was insufficient to support the conviction. “Jackson [v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] requires that a reasonable juror be able to find the defendant guilty beyond a reasonable doubt, and if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt.” Cosby, 682 F.2d at 1383.
For these reasons, I would reverse the conviction. Therefore, I dissent.