COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


TIMOTHY A. COBB, S/K/A
 TIMOTHY ALLEN COBB
                                         OPINION BY
v.        Record No. 2681-96-1    JUDGE JOSEPH E. BAKER
                                      JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                  Russell I. Townsend, Jr., Judge

          Jennifer T. Stanton (J. T. Stanton, P.C., on
          brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Timothy A. Cobb (appellant), sometimes known as Timothy

Allen Cobb, appeals from a judgment of the Circuit Court of the

City of Chesapeake (trial court) that approved a jury verdict

convicting him for breaking and entering into a business place in

the daytime with intent to commit larceny, in violation of Code

§ 18.2-91.  The sole issue presented is whether the evidence is

sufficient to support appellant's conviction.

     Viewing the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom, see Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987), we find that on the morning of

September 26, 1995, Larry Miller, the parts and warehouse manager

at Virginia Air Distributors, discovered that someone had broken

into the company warehouse building, which consisted of the

warehouse and two offices. In the office area, Miller "noticed [that] change was thrown all over the place" and that the "petty cash box had been broken into." Missing from the office area were (1) money from the cash box and (2) a set of high-low pressure gauges, which had been hanging behind the parts counter in the office. A hole big enough for a person to crawl through had been cut into the sheet metal wall of the warehouse. In the office of the operations manager, Wayne Smith, the police found a pair of yellow-handled tin snips bearing the name "T. Cobb." The tin snips were the type used to cut sheet and various light metals. The snips did not belong to Virginia Air Distributors, and Smith had not left them there. Miller did not know appellant and had not given him permission to be on the premises.

Smith's office is normally locked at night; however, the record fails to establish that it had been locked on the break-in day. On the day prior to the break-in, Miller and Smith had closed the business at the regular time of 5:30 p.m. When Miller arrived the next morning, Smith was already present on the premises and "in a panic" due to the break-in.

Several weeks after the break-in, Miller identified the missing high-low gauge set at the Easy Pawn Shop. A pawn shop employee, Harris Perry, testified that appellant had pawned that gauge set on October 24, 1995. Miller testified that the set had been hanging at eye level behind the counter at the warehouse every day for two years. Miller had used the gauge set about a

week prior to the burglary and was absolutely certain that the pawned gauge set was the one stolen from Virginia Air Distributors.

Appellant denied committing the burglary, claiming that he had obtained the gauge set from his former employer, but the former employer failed specifically to corroborate appellant's claim. Appellant further claimed that the tin snips had been stolen from him, but he did not report the alleged theft until he was questioned about the subject burglary. Appellant admitted that he previously had been convicted of five felonies.

Relying upon Williams v. Commonwealth, 193 Va. 764, 71 S.E.2d 73 (1952), appellant contends that evidence of his possession of stolen property, coupled with evidence of his own property having been stolen, is insufficient to convict him of burglary. In Williams, however, no evidence of a break-in was shown. Therefore, Williams is inapposite and is clearly distinguishable from the case before us. In Hawley v. Commonwealth, 206 Va. 479, 485, 144 S.E.2d 314, 318 (1965), the Supreme Court said:

> Williams v. Commonwealth, 193 Va. 764, 71 S.E.2d 73 (1952), relied upon by the defendant, is not authority to the contrary. In that case, we held that bare evidence of the possession of stolen goods was not sufficient to support a conviction of storebreaking, where there was no evidence of breaking by force. Here, there was direct proof of breaking by force.

The Commonwealth makes a prima facie case of breaking and

entering against an accused when it proves (1) "a breaking and entering, and a theft of goods," (2) "that both offenses were committed at the same time, by the same person, as a part of the same criminal enterprise," and (3) "that the stolen goods [were] found soon thereafter in the possession of the accused." Schaum v. Commonwealth, 215 Va. 498, 501, 211 S.E.2d 73, 76 (1975). We find that the evidence contained in this record meets those requirements.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.