COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Bray and
        Senior Judge Overton[*]
Argued at Norfolk, Virginia


JAMES D. DAILEY
                                MEMORANDUM OPINION[**] BY
v.   Record No. 0327-98-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                   FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert W. Curran, Judge

        Robert E. Kowalsky, Jr., for appellant.

        Richard B. Smith, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    James D. Dailey (appellant) was convicted in a bench trial

of two counts of burglary, in violation of Code § 18.2-91, and

two counts of grand larceny, in violation of Code § 18.2-95.  On

appeal, he contends that the evidence was insufficient to prove

his guilt.  We agree and reverse the convictions.

                              I.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

[**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

At trial, the parties stipulated that on November 26, 1996, and January 8, 1997, two homes in Newport News were burglarized and that goods valued at more than $200 were stolen from each home.  The Commonwealth's evidence further established that police investigators recovered various items belonging to the victims from the American Enterprise Pawn Shop (American Enterprise).  The Commonwealth introduced into evidence police inventory records and photographs that listed the items recovered from the pawn shop.

Edward Emmerson (Emmerson), an employee of American Enterprise, testified that on November 26, 1996, appellant "pawned some items . . . he came in and disposed [sic] some items that day."  Emmerson did not review his notes prior to coming to court, and he did not have any business records with him.  Additionally, Emmerson could not remember exactly what items appellant pawned on November 26, 1996, or whether appellant pawned any items on January 8, 1997.

Appellant was arrested on April 22, 1997, and taken before a magistrate.  The arresting officer, C.T. Hazlegrove (Hazlegrove), served the warrants on appellant and read him the charges.  On the way to the holding cell, appellant indicated to Hazlegrove that he was not sure what the charges were about.  The officer told him, "Something about some items that were pawned that were

apparently stolen."  Appellant responded, "Someone paid me to pawn some of that stuff."  Hazlegrove could not recall whether appellant said, "that stuff or some stuff."

The Commonwealth then rested, and appellant offered no evidence.  The trial court took the issue of appellant's guilt under advisement to review the transcript of the testimony and the applicable case law.  The trial court later found appellant guilty as charged.

## II.

When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).  "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).  We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The Commonwealth makes a prima facie case of breaking and entering against an accused when it proves: (1) "'a breaking and entering, and a theft of goods'"; (2) "'that both offenses were committed at the same time, by the same person, as a part of the same criminal enterprise'"; and (3) "'that the stolen goods [were] found soon thereafter in the possession of the accused.'" Cobb v. Commonwealth, 26 Va. App. 418, 421, 494 S.E.2d 899, 901 (1998) (quoting Schaum v. Commonwealth, 215 Va. 498, 501, 211 S.E.2d 73, 76 (1975)).

In the present case, the parties stipulated that two homes in Newport News were burglarized and that goods valued at more than $200 were stolen from each home. However, without an established link to the pawned items, no evidence links appellant to the burglaries of the homes. None exists. Where a conviction is based upon circumstantial evidence, "`all necessary circumstances proved must be consistent with guilt and inconsistent with innocence.'" Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "When from the circumstantial evidence, `it is just as likely, if not more likely,' that a `reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to a level of proof beyond a reasonable doubt." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458

- 4 -

S.E.2d 606, 609 (1995)).

In the instant case, the evidence does not exclude the reasonable hypothesis that another person committed the crimes. Although the evidence established, through the testimony of Emmerson, that appellant pawned some items on November 26, 1996, there was no evidence presented as to what those items were. Significantly, Emmerson testified that the pawn shop contract, which was not introduced into evidence, would have identified each item, its value and how much was paid for the item. However, Emmerson did not review his notes prior to trial and remembered "very little" about the transaction. Additionally, the witness could not recall whether appellant pawned any items on January 8, 1997. In short, no evidence proved that appellant pawned the victims' property.[1]

Nonetheless, the Commonwealth contends that appellant's statement to Officer Hazlegrove constituted a spontaneous and gratuitous comment, which is highly probative of guilt.[2]

---

[1] The Commonwealth's reliance upon Montgomery v. Commonwealth, 221 Va. 188, 269 S.E.2d 352 (1980) (per curium), is misplaced. There, the defendant was convicted of grand larceny. At trial, the Commonwealth presented direct evidence that the defendant was the individual who pawned the stolen property. See id. at 189–90, 269 S.E.2d at 352–53. In the present case, there is no such direct evidence.

[2] The cases cited by the Commonwealth are inapplicable. See Bennett v. Commonwealth, 236 Va. 448, 374 S.E.2d 303 (1988) (considering the prejudicial value of an untimely disclosed statement); Bradshaw v. Commonwealth, 228 Va. 484, 323 S.E.2d 567 (1984) (discussing whether the defendant's spontaneous admission constituted a waiver of his constitutional right to counsel); Tuggle v. Commonwealth, 228 Va. 493, 323 S.E.2d 539 (1984) (addressing "other crimes" exceptions).

However, the officer's testimony is clear he could not recall whether appellant indicated that he pawned "that stuff" or "some stuff." (Emphasis added). Even viewed in the light most favorable to the Commonwealth, this statement creates only a suspicion of guilt.

"Suspicious circumstances, '"no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction."'" Burchette v. Commonwealth, 15 Va. App. 432, 438-39, 425 S.E.2d 81, 86 (1992) (citations omitted). See also Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994); Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859. "A conviction based upon a mere suspicion or probability of guilt, however strong, cannot stand." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

In summary, although there was some evidence that appellant "disposed [sic] some items" at the pawn shop on November 26, 1996, there was no evidence indicating what these items were. Significantly, there was no evidence establishing when the

---

Furthermore, the case of King v. Commonwealth, 243 Va. 353, 416 S.E.2d 669 (1992), is distinguishable. Although the defendant's voluntary exclamation in King constituted circumstantial evidence that he was the "trigger man," the defendant also admitted to the police on a prior occasion that he stabbed the victim. See id. at 366, 323 S.E.2d at 547. Thus, there was direct evidence of the defendant's involvement in the crime, which has not been established in the present case.

victims' property was left at American Enterprise or who pawned the property.  Under these circumstances, we are unable to say, as a matter of law, that the Commonwealth proved each element of the offenses beyond a reasonable doubt.  Accordingly, we reverse and dismiss the convictions.

<u>Reversed and dismissed.</u>