COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


BRUCE ALAN WELCH

MEMORANDUM OPINION[*] BY
v.    Record No. 1232-98-1              JUDGE DONALD W. LEMONS
                                        NOVEMBER 16, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

Karen M. Vannan (Lasris & Vannan, PLC, on
brief), for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General; Ruth M.
McKeaney, Assistant Attorney General, on
brief), for appellee.


The appellant, Bruce Alan Welch, was convicted in a bench
trial of:  (1) the use or display of a firearm while in the
commission of a burglary in violation of § 18.2-53.1;
(2) discharging a firearm within an occupied dwelling in
violation of Virginia Code § 18.2-279; (3) assault and battery
in violation of Virginia Code § 18.2-57; and (4) breaking and
entering in the nighttime with intent to commit assault and
battery while armed with a deadly weapon in violation of
Virginia Code § 18.2-91.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Only two of these four convictions are before this Court on appeal. Welch contends there was insufficient evidence to convict him of using or displaying a firearm in the commission of a burglary and there was insufficient evidence to convict him of discharging a firearm in an occupied dwelling. We disagree and affirm both convictions.

## I. BACKGROUND

Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990) (citations omitted). Unless that finding is plainly wrong, or without evidence to support it, it shall not be disturbed on appeal. See Code § 8.01-680; George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991).

So viewed, the evidence proved that at some time after 6:00 p.m. on February 5, 1997, Welch took his shotgun and some shells and drove to the home of his former wife, Fannie Simmons, and her husband, Timothy Simmons. He was wearing gloves. At approximately 9:50 p.m., Timothy and Fannie Simmons were home with Jordan Welch, the three-year-old daughter of Fannie and the appellant. Fannie looked out of the window at that time and recognized Welch's truck in the parking lot.

-

A few minutes later, she heard banging against her apartment door. The door was dead-bolted and locked, but she still moved toward the door to hold it shut. She heard "a really loud noise" and smelled "something burning" and then, with "a really loud cracking noise," the door gave way. At trial, Fannie demonstrated for the court how Welch was holding the shotgun when she saw him. She stated, "He had it like this (Indicating) when he came through the door . . . ." She testified that Welch had one hand on the trigger and the other toward the barrel and stood approximately one foot from her. After the incident, there were several holes in the door, as well as small holes in the living room wall.

Fannie ran down the hallway toward the master bedroom, screaming to her husband that Welch had a gun. Timothy, who had been in the bedroom, pushed Fannie into the closet and stood behind the door to the room. When Welch entered the bedroom, Timothy kicked the door against him and simultaneously reached for the shotgun. A struggle followed, and Timothy shouted at Welch to stop. Welch responded by saying that it was all Timothy's fault that Fannie left him and that "this is what is going to happen."

During the struggle, the gun discharged without injury to Timothy, Fannie, Jordan or Welch. When the gun discharged, Timothy was on top of Welch with his right hand on the stock and left hand on the barrel. Fannie's hands were nowhere near the

-

trigger.  Both Fannie and Timothy testified that they did not pull the trigger.

At trial, the Commonwealth's expert testified that gun residue was not found on Welch's gloves.  However, he also testified that such residue might not be on the gloves even if Welch had pulled the trigger.

## II.  USE OF A FIREARM IN THE COMMISSION OF BURGLARY

Virginia Code § 18.2-53.1 states, "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . burglary, . . . ."  The evidence supports the finding that Welch displayed the shotgun "when he came through the door."  It is not necessary to address arguments that the shotgun was fired through the door to gain entry.  The elements of burglary include the requirement of an "entry."  Here the evidence is sufficient to prove that the shotgun was displayed during the entry of the premises.

## III.  DISCHARGING A FIREARM IN AN OCCUPIED DWELLING

Virginia Code § 18.2-279 states in pertinent part:

> If any person maliciously discharges a
> firearm within any building when occupied by
> one or more persons in such a manner as to
> endanger the life or lives of such person or
> persons, . . . the person shall be guilty of
> a Class 4 felony.

*     *     *     *     *     *     *

-

> If any such act be done unlawfully, but not
> maliciously, the person so offending shall
> be guilty of a Class 6 felony . . . .

Viewed in the light most favorable to the Commonwealth, the evidence reveals that Welch came down the hall with one hand on the barrel and the other hand on the trigger. Welch's statement, "this is all your fault that my wife left me and this is what is going to happen," indicates intent to discharge the shotgun.

Additionally, Timothy Simmons testified that when the struggle ensued, he had one hand on the stock and one hand on the barrel. Fannie Simmons testified that her hands were "nowhere near the trigger." Based on this evidence, the trial court could find that Welch discharged the gun. Welch's denial that he pulled the trigger is a question left to the fact finding function of the trial court. See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) ("[E]ven if [the] defendant's story was not inherently incredible, the trier of fact need not have believed the explanation"); Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) ("[The trier of fact] is not required to accept in toto, an accused's statement, but may rely upon it in whole, in part, or reject it completely.").[1]

---

[1] The lack of gunshot residue on Welch's hands is not dispositive of the issue. The expert adequately explained that residue might not be present even if Welch had pulled the trigger.

We cannot say that the trial judge was plainly wrong or that the evidence is insufficient to sustain the verdict.

Finding no error, the convictions are affirmed.

<u>Affirmed</u>.