COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


JACK ROOSEVELT GILBERT

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2128-01-3        JUDGE RUDOLPH BUMGARDNER, III
                                          NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                     B. A. Davis, III, Judge Designate

                Albert L. Shaw for appellant.

                H. Elizabeth Shaffer, Assistant Attorney
                General (Jerry W. Kilgore, Attorney General,
                on brief), for appellee.


     The trial court convicted Jack Roosevelt Gilbert of

uttering a forged check (Code § 18.2-172) and two counts of

grand larceny (Code § 18.2-95).  It acquitted him of forging the

check.  He maintains the evidence is insufficient to prove

larceny of the check and the conviction of larceny is

inconsistent with the acquittal of forgery of that check.

Finding no error, we affirm.

     We view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth.

Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313

(1998).  On December 5, 2000, Marty Mattox wrote a check for

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

$308 payable to Grace D. Adams, his insurance agent. He put the check in an envelope addressed to the agent and posted it in his mailbox at the entrance to his trailer park. The payor bank received the check December 6, 2000.

The defendant cashed the check at the Riverside Minute Market. The clerk, who cashed the check, had known the defendant all her life. Before he left the store, the defendant gave her $20. The defendant had rented Mattox's trailer but moved out about a month before the incident. The defendant continued to receive mail at the trailer. At trial, the defendant denied stealing the check, signing it, cashing it, or even having it at Riverside Market.

"[T]he unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). The victim wrote the check payable to his insurance agent and posted it at his mailbox. That same day, the defendant cashed the check. The defendant denied having the check or cashing it and suggested the possibility that his girlfriend stole it.

The trial court was not required to believe the defendant's story. Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). Absent a credible, exculpatory explanation for his possession of the stolen check, the trial judge permissibly inferred that the defendant committed the larceny. The evidence is sufficient to support the conviction.

The defendant contends the conviction of larceny is factually inconsistent with his acquittal of forgery.  He did not raise this objection at trial.  Accordingly, we will not consider the issue.  Rule 5A:18.

Concluding the trial court did not err, we affirm the conviction.

<u>Affirmed.</u>