COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


JUSTIN LENARD RANDOLPH

v.        Record No. 2162-02-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM H. HODGES
OCTOBER 14, 2003

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

T. George Underwood for appellant.

Jennifer Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; H. Elizabeth Shaffer, Assistant Attorney General,
on brief), for appellee.


Justin Lenard Randolph, appellant herein, appeals his conviction of grand larceny. On appeal, appellant claims the evidence was insufficient to support the conviction. Finding sufficient evidence to support the grand larceny indictment, we affirm the trial court's judgment of conviction.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In this light, the evidence adduced at trial established that the Reverend Nancy Lee Jose's car was stolen. Thirty-five days later, appellant was driving the car and was arrested for its theft. Appellant told the arresting officer he did not know it was stolen, he had borrowed the car to go to the store, and he was returning home after buying cigarettes.

At trial, appellant and his girlfriend, a convicted felon, testified that appellant's brother, Stanley Hill, had arrived at appellant's home, driving the stolen car, stating he had "a new car." They both testified that shortly before appellant's arrest Hill gave appellant the keys to go to the store to buy cigarettes. On rebuttal, Hill denied driving the car or being at appellant's home that night. Instead, Hill testified that his cousin, Sean Ricks, was at appellant's house with the car and that Ricks acquired the car in exchange for drugs.

ANALYSIS

> When a defendant challenges on appeal the sufficiency of the evidence to sustain his convictions, it is the appellate court's duty to examine the evidence that tends to support the convictions and to permit the convictions to stand unless they are plainly wrong or without evidentiary support. If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.

Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citations omitted).

The trial court was entitled to disbelieve appellant's assertion that he did not steal the vehicle or that he did not know it was stolen. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Further, appellant's girlfriend was a convicted felon. The trial court could discount her testimony as well. Code § 19.2-269.

The trial court had before it the uncontroverted evidence that appellant was in recent, see Montgomery v. Commonwealth, 221 Va. 188, 269 S.E.2d 352 (1980) ("recent" possession four

weeks after theft), and <u>Sullivan v. Commonwealth</u>, 210 Va. 201, 169 S.E.2d 577 (1964) ("recent possession" two-and-one-half months after theft), and exclusive possession of the stolen vehicle. "Unexplained or falsely explained possession of recently stolen goods is a fact sufficient for the judge or jury to infer that the person in possession of the stolen goods was the thief." <u>Lew v. Commonwealth</u>, 20 Va. App. 353, 358, 457 S.E.2d 392, 395 (1995) (citing <u>Montgomery</u>, 221 Va. at 190, 269 S.E.2d at 353). The trial court rejected appellant's evidence in explanation for his possession of the vehicle. Therefore, given appellant's recent, exclusive, and falsely explained possession of the vehicle, the trial court could find beyond a reasonable doubt that appellant was the criminal agent.

Accordingly, the evidence supports the grand larceny conviction and the judgment of the trial court is affirmed.

<u>Affirmed.</u>