# Joseph Alphonso Smith

## v.

# Commonwealth of Virginia

Record No. 930680

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Keenan, JJ.,
and Poff, Senior Justice

*Brenda C. Spry* for appellant.

*H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General,* on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

Sitting without a jury, a judge of the Circuit Court of the City of Portsmouth convicted Joseph Alphonso Smith of forgery and uttering of stolen checks and grand larceny of "a 1965 Chevrolet truck having a value of more than $200.00, belonging to Jesse L. Doles, Jr." By order dated April 29, 1993, the Court of Appeals refused Smith's petition for appeal of the judgment entered June 30, 1992 confirming the grand larceny conviction. We awarded an appeal from that order to consider whether the courts below erred in holding that the evidence of Smith's possession of articles stolen from an unlocked truck was sufficient to support the conviction of grand larceny of the vehicle.

The Commonwealth's evidence, the only evidence introduced at trial, showed that Doles parked his truck at 3:15 p.m. on December 17, 1991 at a street intersection near his place of employment. The truck, an older model, could not be locked. When Doles returned from work at midnight, the truck was missing.

The next day, Smith attempted to cash a check at a Portsmouth bank. The check bore Doles's name as maker and the name "Bernard R. Johnson" as payee and endorser. As identification, Smith produced a driver's license issued to "Bernard Raymond Johnson". Because the license appeared to the teller to be "new, only a few days old" and Smith seemed to be "nervous," she placed a telephone call to Doles. When Doles told her that he had not executed the check she described, she and the bank's manager called the police.

In a pat-down search conducted incident to Smith's arrest at the bank, police officers seized two knives, one of which was etched with Doles's name, and what proved to be Doles's checkbook. At trial, Doles testified that he had placed "a brand new checkbook" under the seat of the truck "maybe six or seven months ago". He said that he also kept two knives under that seat. Asked how "on the day in question" he knew that "the checkbook and the knife were under the seat", Doles replied that he "couldn't swear to it". He added that he was "always rambling through [his] truck" and that "every time [he] ever looked under there, it was there." He acknowledged, however, that he "hadn't used any checks out of [the checkbook]" and that he "hadn't seen the knife for . . . a month prior to that".

The trial court denied the defendant's motion to strike the Commonwealth's evidence, the defendant rested, and the trial court entered judgment orders convicting Smith of the several charges against him and imposing sentences totalling seven years' confinement in the penitentiary. On appeal, Smith challenges only the grand-larceny conviction and the three-year sentence imposed upon that conviction.

In response to Smith's contention that the evidence was insufficient to support that conviction, the Attorney General invokes what we have called the "well-settled principle that the unexplained possession of recently stolen goods raises an inference that the possessor is the thief." *Montgomery* v. *Commonwealth,* 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). Reaffirming that principle in the abstract, we note that the record before us is devoid of any direct evidence that Smith ever had possession of the stolen truck.

Nevertheless, the Attorney General, citing *Williams* v. *Commonwealth,* 188 Va. 583, 597, 50 S.E.2d 407, 414 (1948), argues on brief that "the recent and exclusive possession of part of the stolen property, and the defendant's failure to make any reasonable explanation for it, warrants the inference that he stole all of the property provided all the property was stolen at the same time." We think that the proviso attached to that argument is crucial to the reasonableness of such an inference.

The arresting officer testified that the checks and the knives were found on Smith's person less than 24 hours after the truck was stolen. The Attorney General contends that this raises "an entirely reasonable inference that the checkbook and knives were still in the truck when it was stolen". The Attorney General relies upon a trio of sequential inferences.

"In order for inferences to amount to evidence they must be inferences based on facts that are proved, and not inferences based on other inferences." *Smith* v. *Commonwealth,* 185 Va. 800, 819, 40 S.E.2d 273, 282 (1946). The only *facts* proved at trial relevant to the question whether the goods found on Smith's person were stolen at the same time the truck was stolen were adduced by Doles's testimony that he had never used the checkbook during the six or seven months since he placed it under the seat and that he had not seen the knife there for a month prior to the theft of the truck. Hence, the Commonwealth's own evidence raises a reasonable doubt as to when and by whom the goods found in Smith's possession were stolen from the unlocked truck.

■ We hold that the evidence was insufficient to support the judgment convicting Smith of grand larceny of the truck. We will reverse that judgment and the order entered by the Court of Appeals and dismiss the underlying indictment. *Burks* v. *United States,* 437 U.S. 1 (1978).

*Reversed and final judgment.*