493 S.E.2d 679

Charlie **HACKNEY**

v.

**COMMONWEALTH of Virginia.**

Record No. 2165–96–3.

Court of Appeals of Virginia,
Salem.

Dec. 9, 1997.

160

David L. Epling, Grundy, for appellant.

Eugene Murphy, Assistant Attorney General (Richard Cullen, Attorney General, on brief), for appellee.

Present: BENTON, COLEMAN and MOON,* JJ.

COLEMAN, Judge.

Charlie Hackney was convicted of grand larceny and possession of a firearm by a convicted felon. On appeal, he contends that: (1) the trial court erred by refusing to sever the charge of possession of a firearm by a felon from the grand larceny and burglary charges pursuant to Rule 3A:10(c); (2) the evidence is insufficient to support the grand larceny conviction; and (3) the trial court erred by refusing his proposed jury instruction regarding recent exclusive possession of stolen property. We disagree and affirm the convictions.

## I. BACKGROUND

On the evening of December 29, 1994, Edgar Talbott returned home from work to discover that someone had broken into his basement. He determined that several items were missing from his home, including a Remington single shot .22 caliber rifle and a .22 caliber Marlin 782 bolt-action rifle. Talbott testified that he had last seen the rifles two or three days before the break-in.

On the day of the burglary, appellant sold a .22 caliber rifle to Jackie Quinley for fifty dollars. Later that day, appellant showed Quinley two more rifles—a .22 caliber Remington and a .22 caliber Marlin 782 bolt-action. Quinley purchased the Marlin rifle.

On January 7, 1995, appellant sold Quinley the .22 caliber Remington rifle which he had shown him on December 29. Quinley later traded the Remington rifle to Sherman Gross for another rifle.

---

* When the case was argued Judge Moon presided. Judge Fitzpatrick was elected Chief Judge effective November 19, 1997. Judge Moon participated in the hearing and decision of this case prior to his retirement on November 25, 1997.

On January 17, 1995, Virginia State Police Special Investigator Jack Davidson received an anonymous tip that Jackie Quinley possessed Talbott's stolen rifles. When Investigator Davidson confronted Quinley about the rifles, Quinley voluntarily relinquished the Marlin rifle and told Davidson that he had traded a Remington rifle to Gross. He acknowledged that he had purchased both rifles from appellant.

Appellant was indicted for grand larceny, burglary, and possession of a firearm by a convicted felon. Prior to trial, he filed a motion to sever the charge of possession of a firearm by a convicted felon from the other charges, alleging that proof that he had been convicted of a felony was irrelevant and prejudicial to the burglary and larceny charges. After defense counsel acknowledged the possibility that the appellant might testify in his own behalf, the trial court denied appellant's motion, concluding that if appellant testified, the Commonwealth would be entitled to introduce evidence of prior convictions for impeachment purposes.[1]

At trial, the prosecution introduced certificates of conviction for three prior felonies committed by the appellant. The appellant testified and, on cross-examination, the prosecution elicited testimony from appellant that he had been convicted of three prior felony offenses.

At the close of the Commonwealth's evidence, the trial court granted appellant's motion to strike the evidence on the charge of burglary, but denied the motion to strike the

---

1. Specifically, the court and defense counsel conversed as follows:

*THE COURT:* [T]he Commonwealth is going to ask the question, "Have you ever been convicted of a felony or a misdemeanor involving lying, cheating and stealing?" They're going to ask that case ... or that question at some point during the trial as well.
*DEFENSE COUNSEL:* If he takes the stand.
*THE COURT:* If he takes the stand.
*DEFENSE COUNSEL:* If he takes the stand.
*THE COURT:* And the Court certainly can't rule that out, and under the circumstances, where possession of these weapons is a part of the Commonwealth's case, certainly in the larceny charge and showing the subsequent possession, I think the Court would have to overrule Counsel's motion here.

evidence on the grand larceny and firearm charges. At the conclusion of all evidence, the court again denied appellant's motion to strike the evidence on the two charges. Additionally, the trial court rejected appellant's Instruction 2A, which, by substituting the word "possessor" for "defendant," would have told the jury that they could infer from the recent exclusive possession of stolen goods that the "possessor," rather than the "defendant," was the thief.

The jury convicted appellant of grand larceny and possession of a firearm by a felon. He was sentenced to one year in the penitentiary on the weapons offense and five years for grand larceny.

## II. SEVERANCE OF THE CHARGES

When an accused is charged with multiple offenses, "[t]he court may direct that an accused be tried at one time for all offenses then pending against him, *if justice does not require separate trials....*" Rule 3A:10(c) (emphasis added). Justice requires separate trials under Rule 3A:10 "where evidence of one crime is not admissible in the trial of the others." *Long v. Commonwealth,* 20 Va.App. 223, 226–27, 456 S.E.2d 138, 139 (1995); *Johnson v. Commonwealth,* 20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995).

Generally, evidence that a defendant has committed crimes other than the offense for which he is being tried is prejudicial and inadmissible. *See Lewis v. Commonwealth,* 225 Va. 497, 502, 303 S.E.2d 890, 892–93 (1983) (noting that admission of felony conviction tends to adversely affect the defendant's presumption of innocence because it unfairly prejudices him before the jury). Such evidence confuses the issues before the jury and tends to prejudice the defendant in the minds of the jury by showing his or her depravity and criminal propensity. *Fleenor v. Commonwealth,* 200 Va. 270, 275, 105 S.E.2d 160, 163 (1958). This rule is not without exception, however. Evidence of other crimes or convictions may be admitted for the purpose, among other things, of impeaching the credibility of a witness, including a criminal

defendant, Code § 19.2–268; *Banks v. Commonwealth,* 16 Va.App. 959, 963, 434 S.E.2d 681, 683 (1993), attacking the character of a defendant on cross-examination, *Weimer v. Commonwealth,* 5 Va.App. 47, 52–53, 360 S.E.2d 381, 383 (1987), or proving a relevant issue or element of the offense charged, such as motive, intent, common scheme or plan, knowledge or identity, *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Godwin v. Commonwealth,* 6 Va.App. 118, 122–23, 367 S.E.2d 520, 523 (1988); *Sutphin v. Commonwealth,* 1 Va.App. 241, 245–46, 337 S.E.2d 897, 899 (1985).

In *Johnson,* we held that the trial court abused its discretion by refusing to sever the charge of possession of a firearm after having been convicted of a felony from charges related to possession of cocaine. 20 Va.App. at 51, 55–56, 455 S.E.2d at 263, 265. We stated:

> To prove the charge of possession of a firearm after being convicted of a felony, the Commonwealth was required to prove that Johnson was a convicted felon. Thus, with respect to that charge ... evidence of Johnson's prior criminal record [was probative and admissible]. However, the evidence bore no relevance and had no probative value with respect to the charges relating to possession of cocaine. With respect to those charges, it served merely the purpose of prejudicing Johnson in the eyes of the jury, by suggesting to [them] that he had a criminal propensity.

*Id.* at 56, 455 S.E.2d at 265. Because the evidence of Johnson's prior convictions would have been prejudicial and inadmissible in a separate trial for possession of cocaine, we held that under Rule 3A:10 justice required severance of the charges. *Id.*

Similarly, in *Long,* we held that the trial court erred by denying the defendant's motion to sever the charge of possession of a firearm by a convicted felon from charges of possession of heroin and possession of a firearm while in possession of heroin. *Long,* 20 Va.App. at 226–27, 456 S.E.2d at 140. Long did not testify and place his character or credibility at

issue, and his motive, intent or identity were not contested. *Id.* at 226, 456 S.E.2d at 139. As a result, although evidence of a prior conviction was relevant and necessary to the charge of possession of a firearm by a convicted felon, we held the Commonwealth's evidence of prior criminal convictions would have been inadmissible and unduly prejudicial in a separate trial on the heroin charges. *Id.* (citing *Lewis,* 225 Va. at 502, 303 S.E.2d at 892–93). Thus, we held, as in *Johnson,* that justice required separate trials. *Id.* at 227, 456 S.E.2d at 140.

However, in *Kirk v. Commonwealth,* 21 Va.App. 291, 464 S.E.2d 162 (1995), we discussed and distinguished *Johnson* and *Long.* In *Kirk,* the defendant elected to testify in his trial on charges of robbery, use of a firearm in commission of a robbery, and possession of a firearm by a convicted felon. *Id.* at 294, 464 S.E.2d at 163. Moreover, on direct examination he testified regarding his five prior felony convictions. *Id.*

Kirk placed his credibility and character at issue by taking the stand; therefore, his prior felony convictions were relevant and admissible for impeachment purposes. *Id.* at 298, 464 S.E.2d at 165–66; *cf. Long,* 20 Va.App. at 226, 456 S.E.2d at 139 ("Evidence of [the defendant's] prior felony conviction would not have been admissible ... *unless [he] put his character or credibility in issue.*" (emphasis added)). Thus, in *Kirk,* unlike *Johnson* and *Long,* we were not confronted with a situation where proof of an element of a charged offense required introduction of evidence that would have been irrelevant and prejudicial in a separate trial of the other charged offenses. *Kirk,* 21 Va.App. at 298, 464 S.E.2d at 165. Accordingly, we held in *Kirk* that "the development of this case rendered harmless any error that may have initially occurred" in the trial court's denial of Kirk's pre-trial motion to sever.[2] *Id.*

---

**2.** We also emphasized in *Kirk* the fact that Kirk himself testified to the prior felonies on *direct examination. Kirk,* 21 Va.App. at 298, 464 S.E.2d at 165. In this vein, we held that "[j]ustice [did] not require the exclusion of evidence ... that the accused himself [has chosen] to interject." *Id.; see* Charles E. Friend, *The Law of Evidence in Virginia* § 154 at 77 (4th ed. 1988) (stating that evidence of other crimes may be

 Appellant attempts to distinguish *Kirk* from the case at bar. He argues that, although he testified, he would not have done so in the burglary and larceny cases if the trial court had not consolidated the cases. As a result, he asserts, his election to testify does not render harmless the trial court's refusal to sever the charges. The contention is without merit.

 Our decision in *Kirk* controls this case. As in *Kirk*, appellant chose to testify in his own defense.[3] Once the appellant testified, his credibility was placed in controversy with respect to *all* charges. Evidence of the appellant's prior convictions became relevant and admissible to impeach his credibility as a witness. Assuming, as we did in *Kirk*, that appellant would have elected to testify in separate trials on each of the charges, the prior conviction evidence would have been admissible to impeach his testimony in each trial. Accordingly, as in *Kirk*, we hold that the trial court's refusal to sever the charges is harmless error.

Although *Kirk* controls our harmless error ruling in this case, we are troubled by the trial court's disregard for the clear holding in *Johnson* and *Long* that the charge should

admissible if the accused "has in any way elicited or opened the door to such evidence"). Because the evidence of appellant's prior convictions was not elicited on direct examination, we do not apply this aspect of *Kirk*.

3. Although we state in a footnote to *Kirk* that "[n]othing in the record suggests that Kirk's election to testify was tied to the denial of his severance motion," *see Kirk*, 21 Va.App. at 298 n. 1, 464 S.E.2d at 166 n. 1, the appellant likewise failed to communicate to the court that his decision whether to testify would depend upon the court's resolution of the motion to sever. *See supra* note 1 for a narration of the discussion between the court and defense counsel regarding the motion to sever and the possibility that the appellant may testify. Nevertheless, the defendant should not have been confronted with the dilemma of having to elect before trial whether to testify in order to have the charges severed. *Cf. Luce v. United States*, 469 U.S. 38, 42, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984) ("Because an accused's decision whether to testify seldom turns on the resolution of one factor, a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify.") (citations omitted).

have been severed. *See id.* (noting that the development of case rendered harmless "any *error* that may have initially occurred" in the denial of the motion to sever (emphasis added)). The error here is rendered "harmless" only because the defendant decided to testify in one or more of the cases, a dilemma[4] he should not have been required to confront had the trial court applied the *Johnson* and *Long* holdings. Nevertheless, we are bound by the *Kirk* decision, *see Commonwealth v. Burns,* 240 Va. 171, 174–75, 395 S.E.2d 456, 457 (1990) (holding that decision by panel of this Court is established precedent under rules of *stare decisis*), unless this Court should determine *en banc* that it will not condone clear error by the trial court in anticipation that the defendant may render the error harmless by testifying in defense of one or more of the charges.

### III. SUFFICIENCY OF THE EVIDENCE

 Where an appellant challenges the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth,* 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We may not disturb a verdict unless it was "plainly wrong or without evidence to support it." *Stockton v. Commonwealth,* 227 Va. 124, 145, 314 S.E.2d 371, 385 (1984).

 In a criminal prosecution for larceny, evidence showing "[p]ossession of goods recently stolen is *prima facie* evidence of guilt . . . and throws upon the accused the burden of accounting for that possession." *Hope v. Commonwealth,* 10 Va.App. 381, 385, 392 S.E.2d 830, 833 (1990) (*en banc*) (quoting *Fout v. Commonwealth,* 199 Va. 184, 190–91, 98 S.E.2d 817, 821–22 (1957)). The inference derived from evi-

---

4. Of course, in this case, by the time the defendant took the stand in his own defense, he no longer faced the "dilemma." The trial court, during the Commonwealth's case-in-chief, had allowed the introduction of the defendant's prior record of felony convictions. The appellant's decision to take the stand, nonetheless, rendered the trial court's rulings harmless.

dence of recent possession of stolen property may be enough, by itself, to support a conviction of larceny. *Bright v. Commonwealth,* 4 Va.App. 248, 251, 356 S.E.2d 443, 444 (1987).

■ Appellant contends the Commonwealth's evidence failed to prove that he had exclusive possession of the stolen rifles. Quinley testified that on the day of the burglary of the Talbotts' home, appellant possessed the rifles and exhibited them to Quinley. Quinley's testimony was sufficient evidence for the jury to find that appellant exclusively possessed the stolen rifles recently after they were stolen.

Appellant's reliance on *Smith v. Commonwealth,* 247 Va. 157, 439 S.E.2d 409 (1994), is misplaced. *Smith* involved the application of the exclusive possession inference to the Commonwealth's charge of grand larceny of a truck based solely upon the defendant's possession of a checkbook and knives which the owner of the truck had left in the truck but had not seen for months prior to the theft. In *Smith,* the evidence failed to prove that the truck, checkbook, and knives were stolen at the same time. *Cf. Williams v. Commonwealth,* 188 Va. 583, 597, 50 S.E.2d 407, 414 (1948) (holding that exclusive possession of recently stolen goods "warrants the inference that he stole all of the property [for which the defendant is accused of taking] *provided all the property was stolen at the same time"* (emphasis added)). Consequently, the Court found that the Commonwealth's evidence of appellant's exclusive possession of the checkbook and knives failed to prove that appellant likewise possessed the stolen truck. *Id.* Here, however, the Commonwealth's evidence that appellant exclusively possessed the recently stolen rifles was sufficient to support the inference that he stole the rifles. Accordingly, viewing the evidence in the light most favorable to the Commonwealth, we find the evidence sufficient to prove appellant's exclusive possession of recently stolen goods and to convict him of grand larceny.

### IV. REFUSAL OF DEFENDANT'S INSTRUCTION 2A

■ Finally, appellant contends the trial court erred in omitting his alternative jury instruction, his Instruction 2A, in

favor of the Commonwealth's standard instruction regarding recent exclusive possession.[5] He claims the only fact supported by the evidence is that Quinley, not he, had recent, exclusive possession of the stolen guns. It follows, he argues, that the court should have deleted the word "defendant" from the instruction in order to reflect his theory that Quinley was in fact the thief. We disagree.

The trial court accurately instructed the jury on the established theory that the fact finder may infer a defendant's guilt of larceny from his or her exclusive possession of recently stolen goods. *See, e.g., Best v. Commonwealth,* 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981); *Fout v. Commonwealth,* 199 Va. 184, 191, 98 S.E.2d 817, 821–22 (1957). Here, the issue was not whether Quinley possessed the rifles but whether to credit Quinley's testimony that appellant had previously possessed the rifles.

Although "[a] jury must be instructed on any theory or affirmative defense supported by the evidence," *McCoy v. Commonwealth,* 9 Va.App. 227, 229, 385 S.E.2d 628, 629 (1989), the court's instruction adequately enabled the jury to consider appellant's theory that Quinley stole the rifles. The instruction allowed the jury, after determining the credibility of the evidence, to determine whether appellant had exclusive possession of the guns, and, thus, whether to draw the inference, or whether Quinley was not being truthful and the

---

**5.** The jury was instructed that "[p]roof of the exclusive personal possession by the defendant of recently stolen goods is a circumstance from which you may reasonably infer that the defendant was the thief unless defendant offers a reasonable account of possession consistent with the innocence which the Commonwealth has failed to prove untrue."

Alternatively, the appellant proffered Defendant's Instruction 2A which provided, in pertinent part, that "[t]he unexplained or falsely explained possession of recently stolen goods raises an inference that the possessor is the thief."

The appellant contends that the only difference between his instruction and the standard instruction proffered by the Commonwealth is the substitution of the word "possessor" for the word "defendant," thereby making the instruction "neutral" so that it could apply to whomever the jury found to have been the person who most recently possessed the rifles after the theft.

inference should not be drawn. The trial court's instruction on the inference that could be drawn from appellant's exclusive possession of recently stolen property was not error, and the court did not err in rejecting the appellant's instruction.

Accordingly, we affirm the convictions.

*Affirmed.*

BENTON, Judge, concurring and dissenting.

Prior to trial, Charlie Hackney filed a motion to sever the charge of possession of a firearm by a convicted felon from the other charges. Hackney alleged that proof he had been convicted of a felony was irrelevant and prejudicial to the burglary and larceny charges. Noting that the Commonwealth would be entitled to introduce evidence of Hackney's prior convictions for impeachment purposes if Hackney testified, the trial judge stated that he "certainly can't rule ... out" that Hackney would testify. Upon that premise, the trial judge denied Hackney's motion.

I dissent to that part of the majority opinion holding harmless the trial judge's error in refusing to sever the charge of possession of a firearm by a convicted felon from the charges of grand larceny and burglary.

## I.

Applying Rule 3A:10(b), this Court has firmly ruled "that where evidence of one crime is not admissible in the trial of the others, justice requires separate trials." *Johnson v. Commonwealth,* 20 Va.App. 49, 56, 455 S.E.2d 261, 265 (1995). Thus, this Court has held that a trial judge errs in refusing to sever the trial of a charge of possession of a firearm by a felon from the trial of other charges. *Id.; accord Long v. Commonwealth,* 20 Va.App. 223, 226–27, 456 S.E.2d 138, 139 (1995).

The majority's reliance on *Kirk v. Commonwealth,* 21 Va. App. 291, 464 S.E.2d 162 (1995), to reach a different result in this case is misplaced. In *Kirk,* this Court held that the trial judge did not err in refusing to sever the trials because, on the

peculiar facts of that case, "justice [did not] require that the charges of possession of a firearm while a convicted felon be tried separately" from the robbery charges. 21 Va.App. at 296, 464 S.E.2d at 165. In discussing *Long* and *Johnson,* the *Kirk* opinion posited in *dicta* that if an error had occurred at Kirk's trial it would have been harmless. That harmless error discussion was based in significant part on Kirk's disclosure during his direct examination "that he had been convicted of five prior felonies." Indeed, the Court stated that "[j]ustice does not require exclusion of evidence that is probative of the central issue on trial and *that the accused himself chooses to interject." Id.* at 298, 464 S.E.2d at 165 (emphasis added).

Simply put, the harmless error rationale of *Kirk* has no bearing upon this case. Hackney did not interject his prior felony convictions when he testified on direct examination in his own defense. The Commonwealth was the party that initially interjected Hackney's prior felony convictions. As a means of proving the predicate for the felony possession of a firearm, the Commonwealth proved in its case-in-chief Hackney's record of felony convictions. Thus, even when *Kirk* is expansively interpreted beyond its actual holding, as the majority does in this case, *Kirk* is inapplicable to the circumstances of this case.

Obviously, when the Commonwealth proved Hackney's prior felony convictions in its case-in-chief, Hackney did not choose to interject evidence of his prior convictions. The Commonwealth cannot now argue that when the Commonwealth proved Hackney's prior convictions in its case-in-chief, the trial judge's original error was rendered harmless. Moreover, even if the Commonwealth had not been the party to first interject that proof, the trial judge's error would not be rendered harmless under the circumstances of this case. When Hackney chose to testify in his own defense, he was forced to admit his prior convictions on the Commonwealth's cross-examination. However, Hackney's prior convictions were elicited on cross-examination only *after* the trial judge refused to sever the cases for trial and *after* Hackney chose to testify in his own defense. Had the trial judge severed the

trials, Hackney may have chosen not to testify during his trial on the burglary and grand larceny charges. Because he had the ability to prove his defense through the testimony of other witnesses, Hackney might have opted not to put his character and credibility at issue. In that circumstance, the prosecution could not have put Hackney's character and credibility at issue by proving Hackney's prior convictions.

## II.

Although we must follow decisions by a panel of this Court when the rule of *stare decisis* requires us to do so, *see Commonwealth v. Burns*, 240 Va. 171, 174–75, 395 S.E.2d 456, 457 (1990), the dicta in *Kirk* is not binding. *See Harmon v. Peery*, 145 Va. 578, 583–84, 134 S.E. 701, 703 (1926). We are required, however, to follow the rulings of the Supreme Court of the United States protecting a criminal defendant's constitutional right to take the witness stand and testify in his own defense.

"At this point in the development of our adversary system, it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987). A defendant's right to testify in his or her own defense has been deemed to be one of the "essential[s] to due process of law in a fair adversary process." *Faretta v. California*, 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562 (1975). This right stems from the Fourteenth Amendment's guarantee of due process, which includes "a right to be heard and to offer testimony," *Rock*, 483 U.S. at 51, 107 S.Ct. at 2709; the Sixth Amendment's Compulsory Process Clause, "which grants a defendant the right to call 'witnesses in his favor' ... [and which logically includes] ... a right to testify himself, should he decide it is in his favor to do so," *id.* at 52, 107 S.Ct. at 2709; and the Fifth Amendment's "guarantee against compelled testimony," to which the opportunity to testify is a "necessary corollary." *Id.*

A trial judge may not impermissibly burden that privilege because " '[t]he choice of whether to testify in one's own defense . . . is an exercise of the constitutional privilege.' " *Rock*, 483 U.S. at 53, 107 S.Ct. at 2710 (citations omitted). The decision whether a defendant " 'shall testify or not . . . [is] submitted to the free and unrestricted choice of one accused of crime, and [is] *in the very nature of things beyond the control or direction of the presiding judge. Control [by the judge] . . . is coercion, and coercion is denial of freedom of action.*' " *Brooks v. Tennessee*, 406 U.S. 605, 608, 92 S.Ct. 1891, 1893, 32 L.Ed.2d 358 (1972) (citation omitted) (emphasis added).

In this case, the trial judge's ruling that the cases should not be tried separately turned on the issue whether or not Hackney would choose to testify. However, that decision is one which is within the sole province of the defendant. "[T]he accused and his counsel may not be restricted in deciding whether . . . the accused should take the stand." *Id.* at 613, 92 S.Ct. at 1895. The trial judge cannot, by his ruling, control or direct this decision. *See id.* at 608, 92 S.Ct. at 1893.

The majority agrees that justice required severance of the firearm charge in this case. *See Long*, 20 Va.App. at 226, 456 S.E.2d at 139; *Johnson*, 20 Va.App. at 56, 455 S.E.2d at 265. However, the majority holds that because Hackney chose to testify, after the trial judge erroneously denied his motion to sever, the trial judge's error is rendered harmless. Under the majority's ruling, even when a trial judge makes a clear error in refusing to sever cases for trial because of the prejudicial effect of irrelevant evidence of prior convictions, this clear error is rendered harmless if the defendant takes the stand. Clearly, under that rule, the only way the defendant can preserve for appeal this prejudicial error is to not testify, even if, in the defendant's judgment, his or her testimony is critical to the defense. To allow the trial judge to commit error by refusing to sever the cases for trial and, thereby, force the defendant to consider whether to forgo a critical defense at trial in order to protect his appeal of the error, " 'savors of judicial whim.' " *Brooks*, 406 U.S. at 608, 92 S.Ct. at 1893 (citation omitted). Such a rule imposes an unjustifiable bur-

den upon the defendant's constitutional right "to testify in his own defense, or to refuse to do so," *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971), and "to make a defense as we know it." *Faretta,* 422 U.S. at 818, 95 S.Ct. at 2533.

For these reasons, I would reverse the convictions and remand for separate new trials. Therefore, I dissent.