COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


MICHAEL WILKERSON

MEMORANDUM OPINION[*] BY
v.   Record No. 1286-98-1      JUDGE RUDOLPH BUMGARDNER, III
JUNE 8, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

(Robert E. O'Neill; Office of the Public
Defender, on brief), for appellant.
Appellant submitting on brief.

(Mark L. Earley, Attorney General; Richard B.
Smith, Assistant Attorney General, on brief),
for appellee.  Appellee submitting on brief.


Michael Wilkerson appeals his conviction after a bench

trial of two counts of petit larceny, third offense.  The

defendant challenges the sufficiency of the evidence.

Concluding that the evidence was sufficient to sustain the

convictions, we affirm.

On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  In

so doing, we must discard the evidence of the accused in

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

conflict with that of the Commonwealth.  See Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988).

A Franklin County detective was patrolling on August 13, 1997 at 6:30 p.m., a clear and sunny day.  He passed the defendant, who was riding a bicycle and carrying a grocery bag that "looked to be somewhat heavy."  The detective made eye contact with the defendant as they passed and continued to watch the defendant in his rearview mirror.  The defendant turned twice to look back at the detective.  When the detective turned the corner, the defendant dropped the grocery bag into the ditch at the side of the road.  He "leaned down, came to a stop on the bicycle, laid the item down and he was looking back towards [the detective] and he . . . proceeded to go forward again."  The defendant then continued down the road toward the Winn Dixie store.

The detective turned and went back, following the defendant whom he again passed in the Winn Dixie parking lot.  The defendant spent two or three minutes at a pay phone.  He then left the parking lot headed away from the detective and the discarded grocery bag.  The detective got out of his car and walked back toward the grocery bag.  As he did, the defendant was "peddling pretty fast."  The detective retrieved the bag, which was a plastic Winn Dixie grocery bag, got back in his car, and caught up with the defendant, who had gotten about a quarter mile away.

-

As the detective approached, the defendant pulled over and got off his bicycle.  The detective asked him why he had dropped the bag full of steaks in the ditch.  The defendant denied knowing what he was talking about, denied the steaks were his, and denied ever having seen them.  The detective opened the bag while he talked with the defendant.  It contained four packages of Winn Dixie steaks and two packages of Super Fresh steaks but no receipt from either store.  The steaks were cold but not frozen.  The detective arrested the defendant when he denied that the steaks were his.  At no point did the defendant claim the steaks.

Both the Super Fresh and Winn Dixie grocery stores were located in the area, and the managers of both identified the packages of steaks as coming from their particular stores.  The detective obtained from both stores cash register tapes showing all sales made within an hour and a half of the detective first seeing the defendant.  Neither tape showed a sale of the steaks, and no cashier had seen anyone fitting the description of the defendant.

The defendant argues that the evidence is insufficient to prove larceny because it did not show when or how the steaks were removed from the store.  He contends that the Commonwealth's case is comprised solely of the fact that the defendant was in possession of the steaks, but they could have

-

been displayed and sold earlier than the period accounted for by the store receipts.

"[L]arceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently."  Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977).  Evidence of possession of recently stolen goods "is prima facie evidence of guilt." Hackney v. Commonwealth, 26 Va. App. 159, 164, 493 S.E.2d 679, 681 (1997).  When this possession is unexplained or falsely explained, the fact finder may infer that the person in possession of the stolen goods was the thief.  See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). "The inference derived from evidence of recent possession of stolen property may be enough, by itself, to support a conviction of larceny."  Hackney, 26 Va. App. at 168-69, 493 S.E.2d at 681 (citing Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987)).

The detective saw the defendant in possession of property. The defendant discarded the bag in a ditch when he first saw the law enforcement officer and quickly rode away.  When the detective confronted the defendant, he denied throwing the bag away or ever seeing the steaks.  The bag was full of steaks but no receipts.  The steaks were still cold on a sunny day, in the middle of August, in Franklin County.  The managers could

-

identify the steaks as coming from their stores, but no receipt recorded their sale and no cashier recognized the defendant.

This evidence permitted the inference that the defendant possessed recently stolen goods and that permitted the inference that he was the thief. The inferences to be drawn from the evidence are solely within the province of the fact finder. See LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950). We will not substitute our judgment for that of the fact finder. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). The credibility of the witnesses and the weight to be accorded their testimony are matters solely for the fact finder who can accept or reject the testimony in whole or in part. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Further, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

For the foregoing reasons, we affirm the convictions.

Affirmed.

-