COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


GILES BRAXTON, S/K/A
 GILES E. BRAXTON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1953-98-4         JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
               Benjamin N. A. Kendrick, Judge

        V. James Ventura (Brinton T. Warren, on
        briefs), for appellant.

        Virginia B. Theisen, Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


    Giles E. Braxton appeals his conviction by jury in the

Circuit Court of Arlington County for statutory burglary and

grand larceny.  Braxton contends the evidence was insufficient

to support the convictions.  Finding no error, we affirm the

convictions.

                        BACKGROUND

    On August 9, 1995, the Arlington home of Rosemarie Bowie

was burglarized between 2:30 p.m. and 3:45 p.m.  Bowie was away

during this period, but upon her return at 3:45, she found one

of her basement windows smashed and the interior of her house

─────────────────
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

ransacked. She also discovered a number of items missing. Soon thereafter Bowie received her billing statement from Bell Atlantic, and she discovered a number of unauthorized calls billed to her Bell Atlantic "IQ" card ("calling card"). Realizing that her telephone calling card had also been stolen during the August 9 burglary, she informed the police of the unauthorized calls.

Detective Linda Alcorta of the Arlington County Police Department investigated the unauthorized calls. She found that many of the calls had been placed at the Burning Tree Country Club in Bethesda, Maryland. Upon further investigation, she learned that Braxton had been employed there at the time of the burglary. Braxton was charged with the theft of the calling card and other items from Bowie's home.

At trial, Braxton and the Commonwealth stipulated that "the defendant, Giles Braxton, used a telephone calling card (703 - [number deleted]) belonging to Rosemarie G. Bowie to place [nine] telephone calls" on August 14, 15, 24, and 31, respectively. Braxton denied breaking into Bowie's house, and he denied stealing any of her property. Although he stipulated to using Bowie's calling card, Braxton denied that he ever possessed the plastic calling card. Rather, Braxton claimed that one of his co-workers, whose name he could not recall, "had given [him] authorized use of the [personal identification]

number" on the dates in question. Braxton did not write down the calling card's number, stating he had a good memory and was able to recall it accurately on the dates he used it. Detective Alcorta testified that when she asked Braxton on October 20, 1997 how he had come into possession of the calling card, he replied that he "could have borrowed it or found it," but that he did not remember. Braxton disputed Detective Alcorta's recollection of the statements he made to her on October 20, 1997.

On April 2, 1998, the jury found Braxton guilty of statutory burglary and grand larceny and sentenced him to twelve months in jail on each conviction, with a recommendation that the sentences run consecutively. The jury also recommended a fine of $650. On August 11, 1998, the trial court entered an order consistent with the jury's verdict and recommendations. Braxton noted this appeal, raising the sole issue of whether the evidence at trial was sufficient as a matter of law to convict him of the charges of burglary and grand larceny. He argues that evidence that he used Bowie's calling card number to place calls on the dates in question does not suffice to prove he possessed the calling card; lacking such proof, he contends that no inference may reasonably be drawn that he committed the crimes charged on the theory of recent possession of stolen

goods, the theory which the Commonwealth advanced at trial.  We disagree and affirm his convictions.

## ANALYSIS

Larceny is "'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'"  Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (quoting Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977)).  In every larceny, there must be an actual taking or severance of the goods from the possession of the owner.  See Jones v. Commonwealth, 3 Va. App. 295, 300-01, 349 S.E.2d 414, 417-18 (1986).  "'There is a [taking] when the defendant takes possession; he takes possession when he exercises dominion and control over the property. . . .'"  Bryant, 248 Va. at 183, 445 S.E.2d at 670 (quoting 3 C. Torcia, Wharton's Criminal Law § 378 (14th ed. 1980)).  "'[T]o raise the presumption of guilt from the possession of the fruits . . . of crime . . . it is necessary that they be found in his exclusive possession.  A constructive possession is not sufficient to hold the [accused] to a criminal charge.  He can only be required to account for the possession of things which he actually and knowingly possessed . . . .'"  Castle v. Commonwealth, 196 Va. 222, 227, 83 S.E.2d 360, 363 (1954) (quoting Tyler v. Commonwealth, 120 Va. 868, 871, 91 S.E.

- 4 -

171, 172 (1917)).  "Possession of goods recently stolen is prima facie evidence of guilt . . . and throws upon the accused the burden of accounting for that possession."  Hackney v. Commonwealth, 26 Va. App. 159, 168, 493 S.E.2d 679, 684 (1997).

Braxton did not contest that the burglary occurred. Asserting that the evidence proved only "that he made telephone calls utilizing the PIN number from the . . . calling card," Braxton contends that the Commonwealth failed to prove he actually possessed the stolen telephone card.

The evidence proved, however, that when Braxton was questioned by a police detective concerning the stolen telephone card, Braxton "said he could have borrowed it or found it or said he couldn't remember."  Braxton and the Commonwealth also made the following stipulation at trial:

> It is agreed and stipulated that the defendant, Giles Braxton, used a telephone calling card (703 – [number deleted]) belonging to Rosemarie G. Bowie to place telephone calls at the following times and dates:
>
> 14 August 1995 @ 12:54 PM
>
> 15 August 1995 @  8:17 AM
>
> 15 August 1995 @  8:23 AM
>
> 15 August 1995 @ 10:37 AM
>
> 15 August 1995 @  3:45 PM
>
> 24 August 1995 @  4:45 PM

31 August 1995 @  1:05 PM

31 August 1995 @  1:06 PM

It is further agreed that this stipulation
may be entered as evidence in the trial of
the above case.

This evidence, which was believed by the jury, was sufficient to prove beyond a reasonable doubt Braxton's actual possession of the card.  Although Braxton could have limited his stipulation to the fact that he merely used the calling card's number, he did not.  The ordinary meaning of "used a telephone calling card" and the testimony of the detective were sufficient to prove beyond a reasonable doubt that Braxton possessed the actual card.

Accordingly, we affirm Braxton's convictions.

<u>Affirmed</u>.