COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and Decker
Argued at Salem, Virginia

UNPUBLISHED

ALLAN WAYNE WRIGHT, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1373-17-3      JUDGE RANDOLPH A. BEALES
                                  OCTOBER 30, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Clyde H. Perdue, Jr., Judge

William E. Cooley for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On August 10, 2017, at the conclusion of a bench trial, Allan Wright, Jr. ("appellant") was

convicted of "Larceny: Second Conviction" pursuant to Code § 18.2-104, and was subsequently

sentenced to 360 days of incarceration, with all of the sentence suspended except for the time he had

already served. On appeal, appellant raises two assignments of error – that the "trial court erred by

allowing into evidence a police officer's testimony of what he observed on a video for which no

proper foundation was laid" and that there was insufficient evidence to support the conviction.

I.  BACKGROUND

During the course of appellant's bench trial, the Commonwealth's evidence consisted solely

of the testimony of two witnesses. The first witness was Officer Christopher Shelton ("Officer

Shelton") of the Rocky Mount Police Department. Officer Shelton testified that on January 9, 2017,

he arrived at a Virginia ABC store in response to a call concerning a shoplifting incident that had

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

occurred earlier in the day. Upon arriving at the store, Officer Shelton reviewed video surveillance, which he testified that he recognized as depicting the store through which he had just walked. As Officer Shelton began to describe the contents of the video, appellant objected, "If he's going to testify to anything on that video then have them lay proper foundation for it." After a somewhat lengthy discussion among the judge and both parties' counsel regarding whether or not the video constituted hearsay and whether or not the best evidence rule applied, the circuit court took appellant's objection under advisement and allowed Officer Shelton to testify as to what he observed on the videotape.

Officer Shelton testified that he observed two men on the tape whom he recognized from an encounter the previous week. Officer Shelton identified one of the men as appellant. He further testified that on the video, he saw appellant walk "to the aisle where the whiskey is kept," pull "an item off the shelf, [and] conceal[] it in his pocket." The man accompanying appellant then pulled another item off the shelf, handed it to appellant, and appellant placed the item in his pocket. Officer Shelton also testified that he did not check the shelves of the store to attempt to see or determine what items were missing.

The Commonwealth's second witness was Jenny Goad ("Goad"), the manager of the ABC store where the events occurred. Although she was not yet employed at that particular store on the date of the events in question (she testified that her employment began there in the first week of February 2017), the circuit court allowed her to testify that, from her experience of working in ABC stores, nothing in an ABC store is free or without value.

After Ms. Goad's testimony, the Commonwealth rested its case. Appellant then made a motion to strike the evidence, which the circuit court denied. The defense did not put on any evidence. After the parties made their closing arguments, the circuit court found that Officer

Shelton's testimony concerning the contents of the video was admissible and found appellant "guilty of shoplifting from the ABC store in Rocky Mount."

## II. ANALYSIS

We first consider the sufficiency of the evidence. "When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the prevailing party in the trial court." Rowland v. Commonwealth, 281 Va. 396, 399, 707 S.E.2d 331, 333 (2011). "The judgment of conviction will be reversed only when the ruling is plainly wrong or without evidence to support it." Cordon v. Commonwealth, 280 Va. 691, 694, 701 S.E.2d 803, 805 (2010). "[I]t is just as obligatory upon the appellate court, to set aside . . . the judgment of a court, when it is, in its opinion, contrary to the law and evidence, and therefore plainly wrong, as it is to sustain it when the reverse is true." Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011) (quoting Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999)).

We consider all of the evidence in our analysis of the sufficiency of the evidence, even if we were to ultimately conclude that testimony concerning the contents of the video should not have been admitted into evidence. See Code § 19.2-324.1 ("the reviewing court shall consider *all* evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction" (emphasis added)); Lockhart v. Nelson, 488 U.S. 33, 40-41 (1988) ("It is quite clear from our opinion in Burks [v. United States, 437 U.S. 1 (1978),] that a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause -- indeed, that was the *ratio decidendi* of Burks -- and the overwhelming majority of appellate courts considering the question have agreed." (internal citation omitted)).

Code § 18.2-103, the statute under which appellant was charged, provides, in pertinent part:

> Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment . . . shall be guilty of petit larceny . . . . The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.[1]

It is well settled that, "[i]n order for inferences to amount to evidence they must be inferences based on facts that are proved, and not inferences based on other inferences." Smith v. Commonwealth, 247 Va. 157, 159, 439 S.E.2d 409, 411 (1994) (quoting Smith v. Commonwealth, 185 Va. 800, 819, 40 S.E.2d 273, 282 (1946)). Considering the evidence presented at trial in this case, a number of inferences must have been made by the circuit court in order to find appellant guilty. First, the circuit court must have inferred that the video accurately depicted events that took place in that ABC store on January 9, 2017. No evidence was presented regarding the date or time stamp on the video, and no witness testified that the video was taken on the date of the alleged crime. Officer Shelton did not see the events occur in real time; in fact, he testified that no suspect was at the ABC store when he arrived. Goad also was not at the store when the events occurred, and indeed was not even employed by that ABC store on January 9, 2017. No one who was in the store at the time of the incidents in question testified at trial.

---

[1] This statute was amended effective July 1, 2018. See 2018 Va. Acts chs. 764, 765. The language quoted here, however, was in effect both before and after the amendment, and was not affected by the amendment, which raised the threshold for grand larceny from $200 to $500.

The Commonwealth discusses Brown v. Commonwealth, 54 Va. App. 107, 676 S.E.2d 326 (2009), and Veney v. Commonwealth, No. 2947-08-3, 2009 Va. App. LEXIS 494 (Va. Ct. App. Nov. 3, 2009), as bearing upon the outcome of this case. We, however, view Brown as inapposite to this case, since the holding in that case was that the best evidence rule does not apply to videotapes, and neither party argues on appeal that the best evidence rule is at issue in this case. The facts in Veney, where this Court affirmed a conviction for grand larceny, are distinguishable from the facts in this case. In Veney, the victim whose purse was stolen in the store testified as to the contents of the store's video that she viewed while still in the store (less than an hour after her purse was stolen) that showed the suspect holding an item under his right arm. Veney, 2009 Va. App. LEXIS 494, at *1-3. In Veney, there was no question as to when the events on the video occurred because there was testimony corroborating – or at least providing the necessary context for – the events depicted in the video, including the victim's testimony that she had been talking with Veney right before her purse disappeared. There was no necessary inference to be made by the factfinder concerning the timing of the events depicted in the video or the accuracy of the events depicted.

In addition to inferring that the video that the officer viewed in this case accurately depicted the events on January 9, 2017, in order to convict appellant, the circuit court must have made the further inferences that the item appellant took and the items he placed in his pocket belonged to the store and were of some value. While these may be reasonable inferences, they are inferences nonetheless which are not based on facts that are evidenced in the record. No evidence was provided actually establishing that the items concealed (and presumably taken out of the store) were merchandise or goods – let alone establishing the value of the merchandise or goods. Officer Shelton testified that he did not check the shelves, and no other information was actually presented or otherwise introduced into evidence concerning what was missing or taken.

To the contrary, the only statement at trial that describes the item as a bottle rather than just as an "item" was from appellant's counsel during cross-examination of Officer Shelton.[2]

In order to convict appellant in this case, the circuit court necessarily must have relied on an inference upon an inference. The circuit court must have made an initial inference concerning the date and accuracy of the events depicted on the video and then must have made further inferences based on that video concerning the items that were taken off the shelf and concealed (and the value of the items). Besides the testimony that originates from the video itself, there was no evidence presented concerning the events in question. While any of those inferences may have been reasonable, and while a factfinder may make multiple inferences, a factfinder may not rely on an inference based solely upon another inference in reaching a guilty verdict. See Smith, 247 Va. at 159-60, 439 S.E.2d at 411.

Counsel for the Commonwealth himself admitted at trial that "the Commonwealth's evidence is a little strange given the case of these circumstances." In addition, the circuit court also acknowledged the lack of evidence in the case before making its finding of guilt, stating:

> You know, Mr. Hubbard [the prosecutor], you just wonder if ABC wants to prosecute people for stealing why they can't take a little better care of their evidence. Maybe they can't, they just the way the system is set up and the way the video is and this and that and the other, they just can't preserve that.
>     Mr. Wright, I'm going to find that you are guilty of shoplifting from the ABC store in Rocky Mount.

In light of these facts, we hold that the circuit court was plainly wrong in finding that there was sufficient evidence to convict appellant of petit larceny. The Commonwealth failed to prove (1) that the video Officer Shelton viewed was of the incident that occurred on January 9,

---

[2] Question by defense counsel: "When you saw them reach on a shelf and pick up a bottle you couldn't tell what it was; is that correct?"
    Answer by Officer Shelton: "That's correct, sir."

2017; and (2) that there was a willful concealment of *merchandise* by appellant on January 9, 2017 that was done with the intent to convert the merchandise or to defraud the storekeeper.[3]

Because we decide, considering all of the evidence, that the trial judge was plainly wrong given that there is simply a lack of evidence sufficient for the conviction, we do not need to reach the question of the admissibility of Officer Shelton's testimony concerning the contents of the video.

### III. CONCLUSION

Even viewing the evidence in the light most favorable to the Commonwealth and considering all the evidence in the record, whether it was properly admitted or not, we hold that the circuit court was plainly wrong in finding that the evidence was sufficient to find appellant guilty of larceny. In order for the circuit court to find appellant guilty, it must necessarily have inferred that the events on the tape were accurately recorded and occurred on January 9, 2017 because not only was the video not admitted into evidence but neither was any evidence about when the video was taken. Furthermore, the circuit court must have also inferred that the items appellant placed in his pocket were items that belonged to the store and were worth some value. Although such inferences may be reasonable, making one inference based only upon another inference is an impermissible means to find the evidence sufficient for appellant's guilt beyond a reasonable doubt. Therefore, for all of these reasons as to the lack of sufficient credible evidence, we reverse and dismiss appellant's conviction.

<u>Reversed and final judgment.</u>

---

[3] We note that even though appellant was convicted of "Larceny: Second Conviction" under Code § 18.2-104, which provides punishment for second or subsequent convictions of larceny, no evidence was presented at trial concerning a first conviction of appellant. However, because appellant did not raise this issue in the circuit court or on appeal, we cannot and do not now consider it on appeal.