COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia

UNPUBLISHED

ANDRE WILSON, JR., S/K/A
  ANDRE DARRYL WILSON, JR.

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1887-18-1                        JUDGE ROBERT J. HUMPHREYS
                                                    DECEMBER 27, 2019

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Dean W. Sword, Judge Designate

            W. McMillan Powers, Assistant Public Defender, for appellant.

            Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        On March 1, 2018, appellant Andre Wilson, Jr., ("Wilson") was indicted in the Circuit

Court of the City of Portsmouth ("circuit court") on the following charges:  one count of

statutory burglary, in violation of Code § 18.2-91; one count of petit larceny, in violation of

Code § 18.2-96; and one count of obtaining money by false pretenses, in violation of Code

§ 18.2-178.  The Commonwealth alleged that Wilson committed all offenses on or about October

3, 2017.

        After a bench trial on September 25, 2018, the circuit court found Wilson guilty of all

charges.  The circuit court later sentenced Wilson to a total of five years and six months of

incarceration, with all active time suspended.  On appeal, Wilson assigns error to the circuit

court's denial of his motion to strike with respect to each charge because, he argues, the evidence

was insufficient to identify him as the perpetrator of each offense.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On October 3, 2017, Daphne Waring-Sorrell ("Sorrell") left her house at approximately 7:30 a.m. When she returned home at about 9:30 or 10:00 p.m., she noticed that her refrigerator door was open, her back door looked as if it had been kicked in, and juice was left on the counter. Sorrell then called her sister on the phone. In turn, Sorrell's sister called the police and went to Sorrell's home along with Sorrell's son and nephew. After her family arrived, Sorrell noticed that the dresser drawers in a back bedroom were pulled out and that a watch and Galaxy cell phone were missing. Sorrell provided the police with the phone's serial number, make, model, and purchase price.

Based on this information, Sergeant J. Foster ("Sergeant Foster") of the Portsmouth Police Department obtained a secondhand dealer report from an ecoATM located at a local Walmart. At trial, defense counsel objected "to the admission of that information [because it] would be hearsay from another source." The circuit court sustained the objection. However, the Commonwealth introduced information from the report and defense counsel did not renew her objection.[1] According to the report, an individual sold Sorrell's phone on October 3, 2017 for $3. The seller provided a Virginia identification card and date of birth, both of which belonged to Wilson. The report contained a photocopy of Wilson's identification card and several small photographs of the individual who sold the phone. At trial, Sergeant Foster identified Wilson as the person in the photographs.

The report also included an entry that read "consumer verified by Diana Lopez" and appeared to contain the signature of Diana Lopez. The report was admitted with a "certification

---

[1] Later, defense counsel stated, "I have no objection to the secondhand dealer report being admitted, however, there is a portion in the certification that is not admissible." Defense counsel argued that the portion of the report that stated "[a]t which time, Andre Darryl Wilson, Jr., sold a Samsung Galaxy S4" was not admissible because it spoke to "the ultimate issue that you, the trier of the fact [sic] in a bench trial, would need to determine."

of custodian of records or other qualified individual." In that certification, Sean Flaherty, Sr., Regulatory Affairs Counsel for ecoATM, certified,

> The attached record reflects the information collected by ecoATM's kiosk inside the Walmart Super Center, Store #3831 located at 1098 Frederick Blvd, Portsmouth, VA 23707, on October 3, 2017 at 11:31 AM, at which time Andre Darryl Wilson, Jr. sold a Samsung Galaxy S4 with IMEI number 99000482286728 to ecoATM's kiosk.

The Commonwealth did not call Diana Lopez as a witness.

At the conclusion of the Commonwealth's evidence, Wilson moved to strike the evidence, arguing that the Commonwealth failed to identify him as the individual who possessed and sold the Galaxy phone. The circuit court denied Wilson's motion. Wilson did not present any evidence. In his closing argument, Wilson renewed his motion to strike. The circuit court again denied the motion.

The circuit court found that the photographs included in the secondhand dealer report were "practically useless" and stated "I certainly wouldn't convict anybody of a crime based on that evidence." However, the circuit court noted "that the seller was verified by a Diana Lopez, and presumably she had the ability to see the Defendant and determine whether or not it was the same person that was offering the I.D. card." Based on that evidence, the circuit court found Wilson guilty of all charges. On November 30, 2018, the circuit court sentenced Wilson to a total of five years and six months of incarceration, with all active time suspended. This appeal follows.

## II. ANALYSIS

### A. Standard of Review

On appeal, "[w]e consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial." Perry v. Commonwealth, 280 Va. 572, 578 (2010) (quoting Bass v. Commonwealth, 259 Va. 470, 475

(2000)).  When reviewing the "sufficiency of the evidence to support the conviction, the relevant question is . . . whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Sullivan v. Commonwealth, 280 Va. 672, 676 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  We will defer to the findings of fact made by the circuit court "at a bench trial if there is evidence to support them and will not set a judgment aside unless it appears from the evidence that the judgment is plainly wrong."  Id. (citing Code § 8.01-680).

This deferential standard "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved."  Id. (citing Johnson v. Commonwealth, 209 Va. 291, 295 (1968)).  When a defendant challenges the sufficiency of the evidence to sustain his conviction, we have a "duty to examine all the evidence that tends to support the conviction," and our review "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling."  Bolden v. Commonwealth, 275 Va. 144, 147 (2008) (citations omitted).

"The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder."  Ragland v. Commonwealth, 67 Va. App. 519, 529-30 (2017) (citing Commonwealth v. McNeal, 282 Va. 16, 22 (2011)).  In a bench trial, the circuit court judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise."  Haskins v. Commonwealth, 44 Va. App. 1, 11 (2004) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985)).

"Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong."  Wood v. Commonwealth, 57 Va. App. 286, 306 (2010) (quoting Emerson v. Commonwealth, 43 Va. App. 263, 277 (2004)).  In assessing a defendant's hypothesis of innocence, the appellate court must determine "not

whether 'there is some evidence to support'" the defendant's hypothesis of innocence, but rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the defendant's] theories in his defense and found him guilty of [the crime charged] beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513 (2003).

## B. Sufficiency of the Evidence

Wilson's three assignments of error all contend that the evidence was insufficient to identify him as the perpetrator of each offense. "In a criminal prosecution for larceny, evidence showing '[p]ossession of goods recently stolen is *prima facie* evidence of guilt . . . and throws upon the accused the burden of accounting for that possession.'" Hackney v. Commonwealth, 26 Va. App. 159, 168 (1997) (quoting Hope v. Commonwealth, 10 Va. App. 381, 385 (1990) (*en banc*)). "The inference derived from evidence of recent possession of stolen property may be enough, by itself, to support a conviction of larceny." Id. at 168-69 (citing Bright v. Commonwealth, 4 Va. App. 248, 251 (1987)). Similarly, the exclusive possession of the stolen goods shortly after a burglary, when unexplained or falsely denied, is sufficient to give rise to an inference that the possessor is guilty of burglary. See Bright, 4 Va. App. at 251 ("The Commonwealth can establish a *prima facie* case that appellant broke and entered by (1) proving that goods were stolen from a house which was broken into; (2) justifying the inference that both offenses were committed at the same time, by the same person, as part of the same criminal enterprise; and (3) proving that the goods were found soon thereafter in the possession of the accused." (citations omitted)).

Here, for the Commonwealth to meet its burden on all three charges, it needed to present evidence from which the circuit court, acting as a fact finder, could reasonably infer that Wilson was the perpetrator of each offense. The Commonwealth's theory at trial relied on Wilson's possession of the Galaxy phone at the ecoATM to prove that he was the individual who

burglarized Sorrell's home and stole and sold her phone.  Once the Commonwealth presented evidence from which the circuit court could infer that Wilson was, in fact, the individual who sold the Galaxy phone at the ecoATM, the Commonwealth established a prima facie case on all three charges.  Although the circuit court discounted the photographs in the secondhand dealer report, viewing the evidence in the light most favorable to the Commonwealth, the circuit court could reasonably infer from the ecoATM report that an employee had an opportunity to view the individual at the ecoATM and confirm that his appearance matched Wilson's identification card.  Because this inference was reasonable, the evidence of Wilson's identity was sufficient as a matter of law.  Accordingly, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>